Filed 8/18/16

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | |
| | ) | S224546 |
| v. | ) | |
| | ) | Ct.App. 4/3 G050399 |
| JUANITA VIDANA, | ) | |
| | ) | Riverside County |
| Defendant and Appellant. | ) | Super. Ct. No. RIF1105527 |
| _____ | ) | |

Here we consider whether a defendant may be convicted of both grand theft by larceny and embezzlement based on the same course of conduct. (Pen. Code,[1] §§ 484, subd. (a), 487, subd. (a), 503.) We conclude a defendant cannot be convicted of both crimes, and therefore affirm the Court of Appeal's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant Juanita Vidana worked as a credit agent for Robertson's Ready Mix (Robertson's). Defendant was assigned particular customers, and her duties included ensuring invoices were paid.

When a customer came to Robertson's and paid an invoice with cash, the assigned credit agent would write a receipt for the customer. The credit agent would then write the customer number and amount of cash on an envelope, put the

---

[1]     All further undesignated statutory references are to this code.

[2]     There was no petition for rehearing in the Court of Appeal, so we rely on that court's statement of the facts. (See Cal. Rules of Court, rule 8.500(c)(2).)

1

cash in the envelope, and take the cash to another Robertson's employee who would count the cash and verify that the amount written on the envelope was accurate. Between June 2010 to May 2011, defendant underreported $58,273.02 in cash payments from 12 different customers. At trial, defendant testified and denied taking any money.

The court instructed the jury on grand theft by larceny (§ 484, subd. (a) (section 484(a))[3] and grand theft by embezzlement (§ 503).[4] It also instructed the

---

[3] The court instructed the jury: "The defendant is charged in Count 2 with grand theft by larceny in violation of Penal Code section 484. [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant took possession of property owned by someone else; [¶] 2. The defendant took the property without the owner's or owner's agent's consent; [¶] 3. When the defendant took the property she intended to deprive the owner of it permanently; [¶] AND [¶] 4. The defendant moved the property, even a small distance, and kept it for any period of time, however brief. [¶] An agent is someone to whom the owner has given complete or partial authority and control over the owner's property."

[4] The court instructed the jury: "The defendant is charged in Count 1 with grand theft by embezzlement in violation of Penal Code section 503. [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. An owner or the owner's agent entrusted its property to the defendant; [¶] 2. The owner or owner's agent did so because she trusted the defendant; [¶] 3. The defendant fraudulently converted that property for her own benefit; [¶] AND [¶] 4. When the defendant converted the property, she intended to deprive the owner of its use. [¶] A person acts fraudulently when he or she takes undue advantage of another person or causes a loss to that person by breaching a duty, trust or confidence. [¶] An intent to deprive the owner of property, even temporarily, is enough. [¶] An agent is someone to whom the owner has given complete or partial authority and control over the owner's property."

The court also instructed the jury: "If you conclude that the defendant committed a theft and/or an embezzlement, you must decide whether the crime was grand theft. [¶] The defendant committed grand theft if she stole, or embezzled property worth more than $950."

2

jury:  "Each of the counts charged in this case is a separate crime.  You must consider each count separately and return a separate verdict for each one."  The jury convicted defendant of both larceny and embezzlement.  The trial court suspended imposition of sentence and granted defendant three years of formal probation.  She was ordered to serve 240 days in jail, the first 30 days consecutively, and the remainder to be served on weekends.  Defendant was ordered to pay $58,273.02 in victim restitution, and certain fines and fees.

The Court of Appeal held defendant could not be convicted of both larceny and embezzlement for the same course of conduct because they are not different offenses, but rather two ways of committing the single offense of theft, and struck defendant's larceny conviction.  In so doing, it expressly disagreed with *People v. Nazary* (2010) 191 Cal.App.4th 727, 739-742 (*Nazary*), which held that a defendant could properly be convicted of both larceny and embezzlement by an employee.  We granted the People's petition for review to consider whether larceny and embezzlement are "different offenses" within the meaning of section 954, and if not, whether section 954 permits multiple convictions for "different statements of the same offense."

## II. DISCUSSION

### A.  Background

#### 1.  *When multiple convictions are authorized*

Section 954 provides as relevant here:  "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the

3

offenses charged . . . ."[5]  Under section 954, as we have interpreted it, "a defendant properly may be convicted of two offenses if neither offense is necessarily included in the other, even though under section 654 he or she could not be punished for more than one offense arising from the single act or indivisible course of conduct."  (*People v. Ortega* (1998) 19 Cal.4th 686, 693 (*Ortega*); see *People v. Gonzalez* (2014) 60 Cal.4th 533, 537 (*Gonzalez*) ["We have repeatedly held that the same act can support multiple charges and multiple convictions"]; *People v. Pearson* (1986) 42 Cal.3d 351, 354-355 (*Pearson*) [a defendant can be convicted of both sodomy with a child under 14 and lewd conduct for the same act because "the offense of lewd conduct is not a lesser included offense of statutory sodomy"].)

As can be seen, and as defendant concedes, even if larceny and embezzlement are merely two ways to commit the single crime of theft, a defendant may be charged with "different statements of the same offense." (§ 954.)  Defendant asserts, however, that although the prosecutor could properly *charge* her with two counts of theft under separate theories of larceny and

---

5      Section 954 provides in full:  "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated.  The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged, and each offense of which the defendant is convicted must be stated in the verdict or the finding of the court; provided, that the court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately or divided into two or more groups and each of said groups tried separately.  An acquittal of one or more counts shall not be deemed an acquittal of any other count."

4

embezzlement, she could only be *convicted* of one theft offense. That is because, she argues, the "offenses of larceny, embezzlement, and theft by false pretenses were consolidated into the single offense of theft in 1927" by amendments to sections 484 and 952 and the enactment of section 490a, and section 954 does not permit multiple *convictions* for "different statements of the same offense."

The determination of whether larceny under section 484(a) and embezzlement under section 503 are "different offenses or merely describe different ways of committing the same offense properly turns on the Legislature's intent," and "if the Legislature meant to define only one offense, we may not turn it into two." (*Gonzalez*, *supra*, 60 Cal.4th at p. 537.) "We are required to harmonize the various parts of a statutory enactment by considering [them] in the context of the statutory framework as a whole. (*Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified School Dist.* (1978) 21 Cal.3d 650, 659.) Ordinarily, the words of the statute provide the most reliable indication of legislative intent. (*Pacific Gas & Electric Co. v. County of Stanislaus* (1997) 16 Cal.4th 1143, 1152.) However, a statute's literal terms will not be given effect if to do so would yield an unreasonable or mischievous result." (*B.H. v. County of San Bernardino* (2015) 62 Cal.4th 168, 189.) If " 'the statutory language is susceptible of more than one reasonable construction, we can look to legislative history in aid of ascertaining legislative intent.' " (*Gonzalez*, *supra*, 60 Cal.4th at pp. 537-538.)

Recently in *Gonzalez*, *supra*, 60 Cal.4th 533, we considered "whether a defendant may, consistently with Penal Code section 954, be convicted of both oral copulation of an unconscious person (§ 288a, subd. (f)) and oral copulation of an intoxicated person (*id*., subd. (i)) based on the same act." (*Id*. at p. 535, fn. omitted.) We first observed that "[t]hese offenses differ in their necessary elements — an act of oral copulation may be committed with a person who is

5

unconscious but not intoxicated, and also with a person who is intoxicated but not unconscious — and neither offense is included within the other." (*Id*. at p. 539.) We also considered the text and structure of section 288a, observing: "Subdivision (a) of section 288a defines what conduct constitutes the act of oral copulation. Thereafter, subdivisions (b) through (k) define various ways the act may be criminal. Each subdivision sets forth all the elements of a crime, and each prescribes a specific punishment." (*Gonzalez*, at p. 539.) Not all of these punishments were the same, although the punishments for violation of subdivisions (f) and (i) — the subdivisions at issue in *Gonzalez* — were the same. (*Id*. at pp. 538-539.) "That each subdivision of section 288a was drafted to be self-contained supports the view that each describes an independent offense, and therefore section 954 is no impediment to a defendant's conviction under more than one such subdivision for a single act." (*Id*. at p. 539.) We concluded "the two statutory subdivisions at issue here describe different offenses, and defendant may properly be convicted of, although not punished for, both." (*Id*. at p. 535; see *People v. Reed* (2006) 38 Cal.4th 1224, 1230 (*Reed*) [upholding under § 954 convictions for "possessing a firearm by a felon, carrying a concealed firearm, and carrying a loaded firearm in a public place"].)

In *Nazary*, *supra*, 191 Cal.App.4th at pages 741-742, the Court of Appeal held that a defendant employee could properly be convicted of both grand theft by an employee (larceny) and embezzlement by an employee. (§§ 487, subd. (b)(3), 508.) It rejected the argument that "embezzlement is no longer an independent crime" because it has been "combined into the single statutory definition of theft under section 484." (*Nazary*, at pp. 739-740.) The court noted that "the elements of embezzlement and grand theft by an employee, and the distinction between them, continue to exist." (*Id*. at p. 741.) "Because the jury had to find different intents and elements supported by the evidence for each offense, and . . . the

6

distinctions between the theft offenses in section 484 were not affected by the consolidation of those offenses generally [citation], we conclude [the defendant] was properly convicted for both offenses." (*Id*. at p. 742.)

### 2. *Larceny and embezzlement*

Larceny "is committed by every person who (1) takes possession (2) of personal property (3) owned or possessed by another, (4) by means of trespass and (5) with intent to steal the property, and (6) carries the property away." (*People v. Davis* (1998) 19 Cal.4th 301, 305 (*Davis*).) "Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted." (§ 503; *People v. De Coursey* (1882) 61 Cal. 134, 135.)

We have previously recounted the history of larceny and embezzlement in *People v. Williams* (2013) 57 Cal.4th 776 (*Williams*): "In 1757, the British Parliament enacted a statute prohibiting theft by false pretenses. [Citation.] Forty-two years later, it enacted a statute prohibiting embezzlement. [Citation.] Each was considered a statutory offense separate and distinct from the common law crime of larceny. [Citation.] Unlike larceny, the newly enacted offense of theft by false pretenses involved acquiring title over the property, not just possession. [Citation.] Unlike larceny, the newly enacted offense of embezzlement involved an initial, lawful possession of the victim's property, followed by its misappropriation. [Citation.] [¶] Britain's 18th century division of theft into the three separate crimes of larceny, false pretenses, and embezzlement made its way into the early criminal laws of the American states. That import ha[d] been widely criticized in this nation's legal community because of the seemingly arbitrary distinctions between the three offenses and the burden these distinctions . . . posed for prosecutors. [Citations.] [¶] For instance, it was difficult at times to determine whether a defendant had acquired title to the property, or merely

7

possession, a distinction separating theft by false pretenses from larceny by trick. [Citations.] It was similarly difficult at times to determine whether a defendant, clearly guilty of some theft offense, had committed embezzlement or larceny . . . . [¶] In the early 20th century, many state legislatures, recognizing the burdens imposed on prosecutors by the separation of the three crimes of larceny, false pretenses, and embezzlement, consolidated those offenses into a single crime, usually called 'theft.' " (*Id*. at pp. 784-785, fn. omitted.)

California reduced its problems with pleading and proving larceny, embezzlement, and false pretenses in 1915 when it amended section 954 to provide, as it does today, that a prosecutor may "charge two or more different offenses connected together in their commission," and need not "elect between the different offenses or counts," but "the defendant may be convicted of any number of the offenses charged." (§ 954, as amended by Stats. 1915, ch. 452, § 1, p. 744.) Before this amendment, section 954 had provided that a defendant could "be convicted of but one of the offenses charged." (§ 954, as amended by Stats. 1905, ch. 574, § 1, p. 772.) Thus, under section 954 as amended in 1915, the prosecutor no longer had to choose whether a defendant had committed larceny, embezzlement, or false pretenses, but could allow the jury to decide what the evidence demonstrated, and an appellate court to determine if the verdict was supported by substantial evidence. In this way larceny, embezzlement, and false pretenses were no different from any other offenses with similar elements.

### 3. *1927 legislation*

In 1927, the California Legislature passed numerous and lengthy bills updating the criminal justice system, including amendments to sections 484, 487, and 952, and the enactment of section 490a. (Stats. 1927, ch. 612, § 1, p. 1043; Stats. 1927, ch. 619, §§ 1, 4, 7, pp. 1046-1047.) As enacted in 1872, section 484

8

provided: "Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another."[6] In 1927, the section was amended to provide as relevant here: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor, or real or personal property, . . . is guilty of theft." (Stats. 1927, ch. 619, § 1, p. 1046). This portion of section 484 has remained substantively unchanged.[7]

The legislative history to the amendment to section 484 states that the amendment "consolidates the present crimes known as larceny, embezzlement and obtaining property under false pretenses, into one crime, designated as theft. The basis of all of these crimes as at present known is the unlawful taking or converting to one's own use of the property of another. The crimes are so similar that as the law now stands it is difficult, frequently practically impossible, to tell which crime has been committed in a particular transaction. By combining them all as the crime of theft, this difficulty will be obviated." (Com., Rep. (Jan. 13,

---

[6]    The Penal Code enacted in 1872 was "not published as part of the Statutes of 1871-1872," and was not given a chapter number. (Kleps, *The Revision and Codification of Cal. Statutes 1849-1953* (1954) 42 Cal. L.Rev. 766, 775.)

[7]    Section 484(a) currently provides in relevant part: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft."

9

1927) submitted to Sen. (Jan. 17, 1927) and pub. 1 Sen. J. (47th Sess. 1927) 152, 156, reprinted 5 Appen. to Sen. & Assem. JJ. (47th Sess. 1927) at p. 11.)

Before 1927, section 487 had provided as relevant here: "Grand larceny is larceny committed in either of the following cases: [¶] 1. When the property taken is of a value exceeding two hundred dollars." (Stats. 1923, ch. 129, § 1, p. 271.) In 1927, this section was amended to provide as relevant here: "Grand theft is theft committed in either of the following cases: [¶] 1. When the property taken is of a value exceeding two hundred dollars." (Stats. 1927, ch. 619, § 4, p. 1047.)

Section 490a, as enacted in 1927 and never amended, provides: "Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." The legislative history for section 490a states: "It is recommended that this new section be added, providing that wherever any law or statute of this State mentions larceny, embezzlement, or stealing, it shall hereafter be read and interpreted as if theft were the crime referred to, thus obviating the necessity of amending several sections which relate to the crimes now sought to be consolidated into the new crime of theft." (Com., Rep., *supra*, pub. in 1 Sen. J. (47th Sess. 1927) at p. 156, reprinted 5 Appen. to Sen. & Assem. JJ. (47th Sess. 1927) at pp. 11-12.)

Also in 1927, section 952 was amended to provide as relevant here: "In charging theft it shall be sufficient to allege that the defendant unlawfully took the property of another."[8] (Stats. 1927, ch. 612, § 1, p. 1043.) The current language

---

[8] As enacted in 1872, section 952 provided that an indictment "must be direct and certain, as it regards: [¶] 1. The party charged; [¶] 2. The offense charged; [¶] 3. The particular circumstances of the offense charged, when they are necessary to constitute a complete offense." (1872 Pen. Code, § 952.)

10

is similar, but now refers to "the labor or property of another." (§ 952, as amended by Stats. 1929, ch. 159, § 1, p. 303.)

### 4. *Judicial interpretation of the 1927 legislation*

Our cases interpreting section 490a and the 1927 amendment to section 484 have repeatedly held that the legislation simplified the procedure of charging larceny, embezzlement, and false pretense, but did not change their elements. Thus, two years after the 1927 legislation, this court stated that the "amendment to section 484, in connection with other cognate legislation . . . is designed not only to simplify procedure but also to relieve the courts from difficult questions arising from the contention that the evidence shows the commission of some other of these crimes than the one alleged in the indictment or information, a contention upon which defendants may escape just conviction solely because of the border line distinction existing between these various crimes." (*People v. Myers* (1929) 206 Cal. 480, 484 (*Myers*).) We observed that section 484 as amended "merely . . . amalgamate[s] the crimes of larceny, embezzlement, false pretenses and kindred offenses under the cognomen of theft. No elements of the former crimes have been changed by addition or subtraction." (*Myers*, at p. 483; accord, *Williams*, *supra*, 57 Cal.4th at p. 789 ["the 1927 legislation enacting section 490a and the theft consolidation statute [citations] left unchanged the elements of theft"]; *id*. at pp. 786-787 [the reference in the definition of robbery to a "felonious taking of personal property" refers only to larceny, not false pretenses, so that robbery is not committed by the crime of false pretenses and the subsequent use of force or fear]; *Davis*, *supra*, 19 Cal.4th at p. 304 [the 1927 legislation consolidated the "formerly distinct offenses of larceny, embezzlement, and obtaining property by false pretenses" into the "single crime of 'theft,' " but did not abolish their substantive distinctions].)

11

Two years after *Myers*, we explained: "It is not necessary that the information state the kind of grand theft with which the defendant is charged . . . . [¶] Under the new procedure, it is obviously unnecessary and improper to compel the district attorney in advance of the proof, to elect upon what theory the prosecution is to proceed, whether larceny, false pretense, trick and device, embezzlement, etc. These distinctions in the charge and proof . . . . were eliminated, not only for the purpose of simplifying procedure, but also to relieve the courts of the necessity of drawing fine distinctions as to whether the particular crime charged had been proved, and the prosecution of charging in advance, at its peril, an offense which the evidence, because of such fine distinctions, might show not to exist although the guilt of the defendant be manifest." (*People v. Fewkes* (1931) 214 Cal. 142, 149; *People v. Jones* (1950) 36 Cal.2d 373, 376-377 [section 484 includes the crimes of larceny, embezzlement, false pretenses, and "kindred offenses . . . under the designation of theft"].)

We later explained: "The purpose of the consolidation was to remove the technicalities that existed in the pleading and proof of these crimes at common law. . . . The elements of the several types of theft included within section 484 have not been changed, however, and a judgment of conviction of theft, based on a general verdict of guilty, can be sustained only if the evidence discloses the elements of one of the consolidated offenses." (*People v. Ashley* (1954) 42 Cal.2d 246, 258.) Although *Ashley* also contained broad language that "[j]uries need no longer be concerned with the technical differences between the several types of theft, and can return a general verdict of guilty if they find that an 'unlawful taking' has been proved," in *Ashley*, the trial court instructed the jury on both larceny and false pretenses, and told the jury it must be unanimous on "the type of theft, if any, that was committed" by the defendant. (*Id*. at pp. 257-258.)

12

We have also held that a jury need not unanimously decide what form of theft a defendant committed. In *People v. Nor Woods* (1951) 37 Cal.2d 584, 585 (*Nor Woods*), the defendant appealed his grand theft conviction. In an opinion by Justice Traynor, this court rejected his challenge that the information was defective for not identifying the kind of grand theft with which he was charged, concluding it was "not necessary for the information to allege the particular type of theft involved, such as false pretenses, embezzlement, or larceny by trick and device." (*Id*. at p. 586.) We further held "there was no error in failing to instruct the jury that they must agree upon the method by which the theft was committed." (*Ibid*.) We reasoned, "defendant could be found guilty of theft by one means or another, and since by the verdict the jury determined that he did fraudulently appropriate the property, it is immaterial whether or not they agreed as to the technical pigeonhole into which the theft fell." (*Ibid*.)[9]

Thus, CALCRIM No. 1861 provides in relevant part: "Each theory of theft has different requirements, and I have instructed you on (both/all). [¶] You may not find the defendant guilty of theft unless all of you agree that the People have proved that the defendant committed theft under at least one theory. But all of you

---

[9] Some Courts of Appeal have extended *Nor Wood* and appeared to hold that a theft conviction may be upheld under any theory of theft even if the trial court did not instruct the jury on that theory of theft. (E.g., *People v. Fenderson* (2010) 188 Cal.App.4th 625, 635-637 [concluding there was substantial evidence of larceny but also upholding conviction on theory of embezzlement when the trial court did not instruct the jury on embezzlement]; *People v. North* (1982) 131 Cal.App.3d 112, 117-118 [over defendant's objection the jury was instructed on larceny although false pretenses was "a more accurate description of the crime committed"; judgment must be affirmed if there is sufficient evidence under any theory of theft].) This court has never so held. We need not address this issue here because the jury in this case was instructed on the elements of both larceny and embezzlement.

13

do not have to agree on the same theory." Here, as noted above, the jury was not instructed in the language of CALCRIM No. 1861, but rather the court instructed the jury: "Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one."

This court has similarly held it is not necessary that the jury unanimously agree whether a defendant premeditated a murder or committed the murder while engaged in a felony. (See, e.g., *People v. Johnson* (2015) 61 Cal.4th 734, 775 [the "trial court was not required to instruct the jury to agree unanimously whether defendant had committed a premeditated murder or a first degree felony murder"]; *People v. Sattiewhite* (2014) 59 Cal.4th 446, 479 ["Premeditated murder and felony murder are not distinct crimes; rather, they are alternative theories of liability, and jurors need not unanimously agree on a particular theory of liability in order to reach a unanimous verdict"]; *People v. Chavez* (1951) 37 Cal.2d 656, 670-672; see *Schad v. Arizona* (1991) 501 U.S. 624, 627, 630, 640-645 (plur. opn. of Souter, J.) [instructions that do not require jury to unanimously agree whether murder was premeditated or felony murder to find defendant guilty of first degree murder do not violate due process].)

### 5. *Modern statutory scheme*

#### a. *Placement of the larceny and embezzlement statutes*

In providing that "[e]very person who shall . . . fraudulently appropriate property which has been entrusted to him, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor, or real or personal property, . . . is guilty of theft" (Stats. 1927, ch. 619, § 1, p. 1046), the 1927 amendment to section 484 did not repeal or cross-reference then existing embezzlement and false pretenses statutes. These embezzlement and false pretenses statutory schemes continue to be in effect today.

14

Thus, section 484, the provision that sets forth the elements of larceny and at least partial definitions of embezzlement and false pretenses, and section 490a, are located in title 13 (of Crimes Against Property), chapter 5 of the Penal Code, which is entitled Larceny.  Sections 489, 490, and 490.2 generally prescribe the punishment for grand and petty theft.[10]

Chapter 6 of title 13 is entitled "Embezzlement," and since 1872, section 503 in this chapter has defined embezzlement as "the fraudulent appropriation of property by a person to whom it has been intrusted."  As can be seen, this is similar to the language "or who shall fraudulently appropriate property which has been entrusted to him or her" in section 484(a).  Chapter 6, however, contains further descriptions of, defenses to, and punishment for embezzlement not contained in section 484(a).  Since before 1927, chapter 6 has stated that unlike larceny, which requires a taking (*Williams*, *supra*, 57 Cal.4th at p. 788), "[a] distinct act of taking is not necessary to constitute embezzlement" (§ 509).  It has also provided a defense "that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith, even though such claim is untenable" (§ 511), and declared it is not a "ground of defense or mitigation of punishment" if "the accused intended to restore the property embezzled," but it "has not been restored before an information has been laid before a magistrate, or an indictment found by a grand jury" (§ 512).  This chapter, before 1927 and continuing today, also describes the crime of embezzlement when committed by public and private officers, deputies, and other persons (§ 504), a carrier or person transporting property for hire (§ 505), persons controlling or

_____

10      Section 484c, enacted in 1965, provides:  "Any person who submits a false voucher to obtain construction loan funds and does not use the funds for the purpose for which the claim was submitted is guilty of embezzlement."

15

entrusted with the property of another (§ 506), collectors of debts (§ 506a), a bailee, tenant, lodger, or attorney-in-fact (§ 507), or a clerk, agent or servant (§ 508).[11]  Section 514 describes the punishment for embezzlement.[12]  As relevant here, section 514 provides, "Every person guilty of embezzlement is punishable in the manner prescribed for theft of property of the value or kind embezzled."[13]

> ### b. Statutes using the terms "larceny" or "theft" and "embezzlement"

The Legislature continues to use the terms "larceny" and "embezzlement," and to enact statutes using both terms, or both "theft" and "embezzlement."  For example, section 501, which was enacted in 1989, provides for when there is a "trial for *larceny or embezzlement* of money, bank notes, certificates of stock, or

---

[11]     Section 424, enacted in 1872, and located in title 12, addresses embezzlement by public officers and other persons "charged with the receipt, safekeeping, transfer, or disbursement of public moneys."  (See generally, *People v. Hubbard* (2016) 63 Cal.4th 378.)

[12]     As enacted in 1872, this portion of section 514 provided:  "Every person guilty of embezzlement is punishable in the manner prescribed for feloniously stealing property of the value of that embezzled . . . ."  In 1959, section 514 was amended to substitute the present language of "theft of property of the value or kind embezzled" for "feloniously stealing property of the value of that embezzled."  (Stats. 1959, ch. 581, § 1, p. 2541.)  Section 514 currently provides in full:  "Every person guilty of embezzlement is punishable in the manner prescribed for theft of property of the value or kind embezzled; and where the property embezzled is an evidence of debt or right of action, the sum due upon it or secured to be paid by it must be taken as its value; if the embezzlement or defalcation is of the public funds of the United States, or of this state, or of any county or municipality within this state, the offense is a felony, and is punishable by imprisonment in the state prison; and the person so convicted is ineligible thereafter to any office of honor, trust, or profit in this state."

[13]     Chapter 8 of title 13 is entitled False Personation and Cheats, and includes section 532, which defines false pretenses.  Section 532, subdivision (b) (formerly section 1110), includes a corroboration requirement for false pretenses that is not found in section 484(a).

valuable securities . . ." (Italics added.) Section 186.2, enacted in 1993 and last amended in 2015, provides separate definitions for "[e]mbezzlement" and for "[g]rand theft" (*id*., subd. (a)(5) & (16)), and provides that "[o]rganized crime" includes "crime that . . . through planning and coordination of individual efforts, seeks to conduct the illegal activities of . . . *embezzlement* . . . [and] *grand theft*" (*id*., subd. (d)). (Italics added.)[14]

---

[14] (See, e.g., § 27, subd. (a)(2) [making "liable to punishment under the laws of this state" "[a]ll who commit any offense without this state which, if committed within this state, would be *larceny* . . . or *embezzlement* under the laws of this state, and bring the property stolen or *embezzled*, or any part of it, or are found with it, or any part of it, within this state" (italics added)]; § 368, subd. (d) [punishment for "[a]ny person who is not a caretaker who violates any provision of law proscribing *theft*, *embezzlement*, forgery, or fraud, or who violates Section 530.5 proscribing identity theft, with respect to the property or personal identifying information of an elder or a dependent adult" (italics added)]; § 1411, subd. (a) ["This notice shall be given upon the conviction of a person for an offense involving the *theft*, *embezzlement,* or possession of the property," and providing for when "the property stolen or embezzled is not claimed by the owner before the expiration of three months after the giving of this notice" (italics added)]; Bus. & Prof. Code, § 19914, subd. (a)(4) [work permit may be revoked if holder "[c]ommitted, attempted, or conspired to commit, any *embezzlement* or *larceny* against a gambling licensee or upon the premises of a gambling establishment" (italics added)]; Fin. Code, § 6200 [requirement for certain directors, officers, and employees to execute bonds "as an indemnity for any loss the association may sustain of money or other property by or through any fraud, dishonesty, forgery or alteration, *larceny*, *theft*, *embezzlement*, . . . or any other dishonest or criminal act or omission by the director, officer, or employee" (italics added)]; Gov. Code, § 11007.5 [conditionally authorizing "[a]ny state agency" to "secure insurance protecting the state against loss by burglary, robbery, *theft*, or *embezzlement* of funds or securities belonging to the state which are in the possession or control of the agency" (italics added)]; Veh. Code, § 4605 ["no fees or penalties imposed under this code . . . shall accrue due to operation of a vehicle in conjunction with the *theft* or *embezzlement* of the vehicle if the owner or legal owner submits a certificate in writing setting forth the circumstances of the *theft* or *embezzlement* and certifies that the *theft* or *embezzlement* of the vehicle has been reported pursuant to the provisions of this code" (italics added)]; Veh. Code,

*(footnote continued on next page)*

17

### c. Application of section 490a

As noted above, section 490a, as enacted in 1927 and never amended, provides: "Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." The legislative history for section 490a, as noted above, states: "It is recommended that this new section be added, providing that wherever any law or statute of this State mentions larceny, embezzlement, or stealing, it shall hereafter be read and interpreted as if theft were the crime referred to, thus obviating the necessity of amending several sections which relate to the crimes now sought to be consolidated into the new crime of theft." (Com., Rep., *supra*, pub. in 1 Sen. J. (47th Sess. 1927) at p. 156, reprinted 5 Appen. to Sen. & Assem. JJ. (47th Sess. 1927) at pp. 11-12.)

The Court of Appeal in this case read section 490a as "literally excising the words 'larceny' and 'embezzlement' from the legislative dictionary." That, of course, is not the case as can be seen by the numerous statutory provisions delineated above using the terms larceny and embezzlement.

Moreover, literal application of section 490a would render many statutes nonsensical. Although this court long ago said that "the essence of section 490a is simply to effect a change in nomenclature without disturbing the substance of any law" (*Myers*, *supra*, 206 Cal. at p. 485; accord, *Williams*, *supra*, 57 Cal.4th at p. 789), it does not appear we have ever applied section 490a to effect a change in

*(footnote continued from previous page)*

§ 38125 ["*theft* or *embezzlement* of an off-highway motor vehicle" (italics added)].)

18

nomenclature or to change the language of any statute.[15] Thus, Vehicle Code section 10502, subdivision (a) provides in part, "The owner or legal owner of a vehicle registered under this code which has been stolen or embezzled may notify the Department of the California Highway Patrol of the theft or embezzlement, but in the event of an embezzlement . . . may make the report only after having procured the issuance of a warrant for the arrest of the person charged with the embezzlement." Under a literal reading of section 490a, this law would instead provide: The owner or legal owner of a vehicle registered under this code which has been stolen or stolen may notify the Department of the California Highway Patrol of the theft or theft, but in the event of a theft . . . may make the report only after having procured the issuance of a warrant for the arrest of the person charged with the theft. Nonetheless, although section 490a should not be read literally, this circumstance does not reduce its import in signaling the Legislature's intent with regard to the concomitant 1927 amendment to section 484.

**B. Are larceny and embezzlement different offenses?**

### 1. Larceny and embezzlement are different statements of the same offense

We now consider whether larceny under section 484(a) and embezzlement under section 503 are different offenses, or different statements of the same

---

[15]  We did observe in *People v. Tufunga* (1999) 21 Cal.4th 935, 952, footnote 4, that section 511, which had been described as providing a claim of title defense to embezzlement, may have been expanded by the enactment of section 490a to "all theft-related offenses." But we did not decide the point, which was unnecessary to our holding that in 1872 the robbery statute codified the common law recognition of a claim of right defense to robbery. (*Tufunga*, at pp. 946-947, 950.) Indeed, in *Williams*, *supra*, 57 Cal.4th at page 789, we rejected the dissent's assertion that section 490a — which makes no reference to robbery — had changed the elements of robbery, and we noted section 490a had left "intact the elements of theft, to which it explicitly refers." (Italics omitted.)

19

offense of theft.  We conclude they are different statements of the same offense, and that a defendant may not be convicted of both based on the same course of conduct.[16]

Larceny and embezzlement have different elements and neither is a lesser included offense of the other.  These circumstances, however, do not definitively resolve whether larceny and embezzlement are a single offense.  As noted above, we have long held that premeditated murder and felony murder — although requiring different elements — are not distinct crimes but simply alternative means of committing the single offense of murder.

Although embezzlement is proscribed in a self-contained statute in a chapter of the Penal Code that is separate from that addressing larceny, embezzlement is *also* proscribed by section 484(a).  To the extent that section 484(a) does not include all of the elements of and defenses to embezzlement, and the statute is thereby ambiguous, our conclusion is further supported by the legislative history of the 1927 amendment to section 484, which, as noted above, states that the amendment "consolidates the present crimes known as larceny, embezzlement and obtaining property under false pretenses, into one crime, designated as theft.  The basis of all of these crimes as at present known is the unlawful taking or converting to one's own use of the property of another.  The crimes are so similar that as the law now stands it is difficult, frequently practically impossible, to tell which crime has been committed in a particular transaction.  By combining them all as the crime of theft, this difficulty will be obviated."  (Com., Rep., *supra*, pub. in 1 Sen. J. (47th Sess. 1927) at p. 156, reprinted 5 Appen. to Sen. & Assem. JJ. (47th Sess. 1927) at p. 11.)

---

[16]     We disapprove *People v. Nazary*, *supra*, 191 Cal.App.4th 727, to the extent it is inconsistent with this opinion.

20

Indeed, the Legislature has expressly stated that "[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." (§ 490a.) Although the terms of section 490a are awkward in their literal application, the obvious intent of this statute — enacted at the same time section 484 was amended to include embezzlement — was to create a single crime of theft. In deciding whether larceny and embezzlement are different offenses, our focus is on the Legislature's intent. "[I]f the Legislature meant to define only one offense" in amending section 484 in 1927, "we may not turn it into two." (*Gonzalez*, *supra*, 60 Cal.4th at p. 537.)

Larceny under section 484(a) and embezzlement under section 503 also generally have the same punishment. (See §§ 489, 490, 490.1, 490.2, 514 ["Every person guilty of embezzlement is punishable in the manner prescribed for theft of property of the value or kind embezzled," except for embezzlement of public funds][17].)

Nor does the Legislature's continued use of the terms "larceny" (or "theft") and "embezzlement" in various statutes transform larceny and embezzlement into different offenses. Rather, these terms are simply different ways of describing the behavior proscribed by those statutes.

For these reasons we conclude larceny under section 484(a) and embezzlement under section 503 are different statements of the same offense. Thus, a trial court properly instructs a jury on the elements of larceny and

---

[17] Moreover, "embezzlement of public money" has no statute of limitations. (§ 799.) Here, we do not address the embezzlement of public funds, and need not decide if a defendant could be convicted of both that crime and larceny given these differences. (See also § 506b.)

21

embezzlement if both instructions are supported by substantial evidence. As we have long recognized, a trial court also properly instructs a jury that it need not unanimously agree on whether a defendant committed larceny or embezzlement. (*Nor Woods*, *supra*, 37 Cal.2d at p. 586.) For clarity on appeal, parties may request a jury make special findings on whether it unanimously found a defendant committed either larceny or embezzlement. (See *Schad v. Arizona*, *supra*, 501 U.S. at p. 645 ["separate verdict forms are useful in cases submitted to a jury on alternative theories of premeditated and felony murder"].)

### 2. *Does section 954 permit multiple convictions for different statements of the same offense?*

Having concluded that larceny and embezzlement are different statements of the same offense, we now consider whether section 954 permits multiple convictions in that circumstance. We left this question open in *Gonzalez*, *supra*, 60 Cal.4th at page 540. Defendant contends that section 954 only permits the charging of, but not the conviction for, "different statements of the same offense." We agree.

As noted above, section 954 provides as relevant here: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of *any number of the offenses charged*, and each offense of which the defendant is convicted must be stated in the verdict or the finding of the court . . . ." (Italics added.)

Section 954 defines three categories of charges that can be joined in one action: "*different offenses* connected together in their commission," "*different*

22

*statements* of the same offense," and "*different offenses* of the same class of crimes or offenses." (Italics added.) In the next sentence, however, section 954 sets forth the charges of which the defendant may be convicted, providing, "The prosecution is not required to elect between the *different* offenses or counts set forth in the accusatory pleading, but the defendant may be *convicted* of any number of the *offenses* charged . . . ." The language "offenses charged" is reasonably read to refer back to the use of the word "offenses" in the phrases "different offenses connected together in their commission" and "different offenses of the same class of crimes or offenses." It is not reasonably read as referring back to the word "offense" in the singular as in the phrase "different statements of the same offense."

As defendant notes, "It is significant that section 954 uses the term 'different offenses' in conjunction with only two of the three categories of charges that may be properly joined in a proceeding – '*different offenses* connected together in their commission,' and '*different offenses* of the same class of crimes or offenses, under separate counts.' The remaining category of charges — '*different statements* of the same offense' — differs from the other two categories as it concerns an alternative means of pleading *the same offense* rather than a different one. And most importantly, this category is not referenced in the language that addresses the charges of which a defendant may be *convicted.* The most reasonable construction of the language in section 954 is that the statute authorizes multiple convictions for different or distinct offenses, but does not permit multiple convictions for a different statement of the same offense when it is based on the same act or course of conduct." (See *People* v. *Coyle* (2009) 178 Cal.App.4th 209, 211, 217-218 [defendant improperly convicted of three counts of murder for killing one person].)

23

Our conclusion is consistent with the "judicially created exception to the general rule permitting multiple conviction [that] 'prohibits multiple convictions based on necessarily included offenses.' " (*Reed*, *supra*, 38 Cal.4th at p. 1227.) As defendant asserts, "[i]t logically follows that if a defendant cannot be convicted of a greater and a lesser included offense based on the same act or course of conduct, dual convictions for the same offense based on alternate legal theories would necessarily be prohibited."

The Attorney General asserts that this court held in *Ortega, supra,* 19 Cal.4th 696, and *Pearson*, *supra*, 42 Cal.3d 351, that multiple convictions for different statements of the same offense are authorized by section 954. These cases addressed the issue whether certain crimes were necessarily included within other crimes, and did not address the issue of whether convictions for different statements of the same offense are authorized by section 954. (*Ortega*, at pp. 693-694; *Pearson*, at pp. 354-355.) To the extent language in *Pearson* can be read to suggest that section 954 authorizes multiple convictions for statements of the same offense, we now expressly reject any such suggestion. (*Pearson*, at p. 354.)

We therefore conclude section 954 does not authorize multiple convictions for different statements of the same offense.

24

**DISPOSITION**

The judgment of the Court of Appeal is affirmed.[18]

CHIN, J.

WE CONCUR:

CANTIL-SAKAUYE, C. J.
WERDEGAR, J.
CORRIGAN, J.
LIU, J.
CUÉLLAR, J.
KRUGER, J.

---

[18] The Attorney General does not challenge the striking of defendant's larceny conviction by the Court of Appeal, and we express no opinion on whether striking the larceny conviction or the embezzlement conviction or consolidating the two convictions is the proper remedy.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Vidana

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 233 Cal.App.4th 666
**Rehearing Granted**

_____

**Opinion No.** S224546
**Date Filed:** August 18, 2016

_____

**Court:** Superior
**County:** Riverside
**Judge:** Edward D. Webster*

_____

**Counsel:**

Valerie G. Wass, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette and Gerald A. Engler, Chief Assistant Attorneys General, Steven T. Oetting and Linda Gándara, Deputy State Solicitor Generals, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

*Retired judge of the Riverside Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Valerie G. Wass
556 S. Fair Oaks Avenue, Suite 9
Pasadena, CA  91105
(626) 797-1099

Michael Pulos
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA  92101
(619) 645-3034