REINHARDT, Circuit Judge,
with whom Chief Judge THOMAS joins, dissenting:
I join Judge Berzon’s opinion except as to Part IV. Instead, I would certify to the California Supreme Court the question of the divisibility of the controlled substance provision of Section 11352(a) as well as the divisibility of the actus reus provision of that same subsection. In other words, not only would I ask whether the specific acts are elements or means, but I would also ask whether the prohibited controlled substances are elements or means.
Where the divisibility of the two principal aspects of a subsection of a statute are unclear—here, the proscribed acts and the proscribed substances—it seems evident to me that they should be certified together to the state supreme court to clarify both issues. The divisibility of both acts and substances is unclear in this case. Judge Berzon explains convincingly why the acts provision is unclear but hesitates with respect to the proscribed substances question. With respect to the latter question, she notes that the California Supreme Court’s recent decision in People v. Vidana, 1 Cal.5th 632, 206 Cal.Rptr.3d 556, 377 P.3d 805 (2016), may alter or overrule the multiple convictions analysis advanced by the majority with respect to In re Adams. That California’s law may have recently been modified is sufficient in itself to prevent this court from concluding that the statute is divisible with the “certainty” demanded by Mathis. Mathis v. United States, 136 S.Ct. 2243, 2257 (2016) (citation omitted).
By certifying the controlled substances question now, we could enable federal courts to properly determine the applicability of California’s drug statutes in immigration and sentencing guidelines cases. By failing to certify one of the two questions, we may instead ensure, as Judge Berzon suggests, that this court will soon again have to revisit the issue, after the full effects of Vidana are examined by the California courts. Rather than again undergo the torturous process in which we are now engaged, and again risk announcing by a 6-5 vote that California’s law provides a clear answer to the divisibility question, we should now certify to the California Supreme Court both questions: whether controlled substances are elements or means in Section 11352(a) along with the question whether actus rei are elements or means, and thereby obtain an answer that gives us the certainty required by Mathis.
Even without Vidana, the answer to the question whether the controlled substances listed in Section 11352 are elements or means is far from clear. California’s appellate courts have not read In re Adams as deciding the issue in favor of divisibility. Instead, the courts of appeal have repeatedly upheld convictions where the identity of the controlled substance supporting the conviction was incorrect or unproven. See, e.g., People v. Nugent, 2010 WL 4967932, at *3 (Cal. Ct. App. 2010) (upholding conviction where “appellant had offered to sell either cocaine or heroin”); People v. Bonham, 2006 WL 400366, at *9 (Cal. Ct. App. 2006) (upholding conviction where trial court wrote “methamphetamine or amphetamine” into model jury instructions as the controlled substance at issue); People v. Orozco, 2003 WL 23100024, at *3 (Cal. Ct. App. 2003) (up *1060 holding a conviction for heroin although the charge was cocaine); People v. Pinal, 2002 WL 180271, at *1 (Cal. Ct. App. 2002) (upholding conviction for possession of a mixture of heroin and cocaine).
We could all assume, as the bare majority apparently does, that the courts of appeal erred in these cases because the California Supreme Court definitively held over forty years ago, that the controlled substances were elements rather than means. However, such an assumption does not demonstrate “the comity due state courts when faced with state law questions.” Rather, the appropriate conclusion is that, like Patterson in the context of the actus reus question, In re Adams did not definitively answer the question of element versus means with regard to the controlled substances question. Given this uncertainty, the additional uncertainty recently created by Vidana is dispositive. In the interest of comity and judicial economy, I would certify both questions regarding Section 11352(a) to the California Supreme Court.
I therefore dissent from the majority opinion in its entirety.