Filed 2/23/24  P. v. Gentry CA1/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RYAN KEITH GENTRY,<br><br>        Defendant and Appellant. | A166735<br><br>(Contra Costa County<br>Super. Ct. No. 04-22-00089) |

### MEMORANDUM OPINION[1]

In April 2022, Ryan Keith Gentry tackled a man at the Pittsburg marina, punched him, and stabbed him in the cheek with a large hunting knife.  Later that year, a jury convicted Gentry of assault with a deadly weapon (§ 245, subd. (a)(1); count 1); assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 2); and battery with serious bodily injury (§ 243, subd. (d); count 3).  It also found true several enhancement allegations, including that he personally inflicted great bodily injury (§ 12022.7, subd. (a)) in the commission of counts 1 and 2, and that

---

[1] We resolve this case by memorandum opinion, reciting only those facts necessary to resolve the disputed issue.  (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)  Undesignated statutory references are to the Penal Code.

he personally used a deadly weapon, a knife (§ 12022, subd. (b)(1)) in the commission of counts 2 and 3.

In November 2022, the trial court sentenced Gentry to four years in prison, comprised of the three-year middle term on count 2, plus one year for the deadly weapon enhancement attached to that count. The court imposed concurrent terms on counts 1 and 3, and it struck the remaining enhancements.

On appeal, the parties agree Gentry cannot be convicted of counts 1 and 2. They are correct. Assault with a deadly weapon (§ 245, subd. (a)(1)) and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) are "different ways of stating the same offense" and "a defendant may not be convicted of both types of aggravated assault based on the same act or course of conduct." (*People v. Aguayo* (2022) 13 Cal.5th 974, 981, 996 (*Aguayo*); see also § 954.) Here, it is undisputed counts 1 and 2 arise from Gentry's single act of stabbing the victim in the face. Accordingly, Gentry "may not be convicted of both types of aggravated assault." (*Aguayo*, at p. 996.)

We now turn to the appropriate remedy. Before 2011, assault with a deadly weapon and assault by means likely to cause great bodily were not separate offenses; instead, they described alternative ways to violate former section 245, subdivision (a)(1). (*Aguayo*, *supra*, 13 Cal.5th at p. 986.) In 2011, the Legislature moved the offenses "into separate paragraphs" because it recognized that assault with a deadly weapon is a " 'serious felony' " with potential consequences under the " '[T]hree Strikes' law," but assault by means likely to cause great bodily injury is not. (*Id.* at pp. 986–987.) Our high court reasoned that "a judgment showing the 'true nature' of a former section [245, subdivision] (a)(1) conviction—by indicating whether it was

2

pursuant to subparagraph (a)(1) or (a)(4)—would allow a prosecutor to settle appropriate cases prior to a preliminary hearing and avoid 'clogging the court system.' " (*Id.* at p. 987, brackets in original.)

The Attorney General persuasively argues the " 'true nature' " of Gentry's convictions is that he stabbed—and grievously injured—the victim with a large hunting knife. (*Aguayo*, *supra*, 13 Cal.5th at p. 987.) Consolidating the two forms of aggravated assault into a single conviction of assault with a deadly weapon and assault by means of force likely to produce great bodily injury preserves the jury's findings. (*People v. Coyle* (2009) 178 Cal.App.4th 209, 217 [remedy for multiple duplicative convictions is to order "that multiple counts be consolidated into a single judgment"]; *People v. Craig* (1941) 17 Cal.2d 453, 458–459 [consolidating convictions after determining only one offense had occurred], overruled on another point in *People v. White* (2017) 2 Cal.5th 349, 359.)

Gentry's reliance on *People v. Vidana* (2016) 1 Cal.5th 632 does not compel a different conclusion. There, the California Supreme Court concluded that because larceny under section 484, subdivision (a) and embezzlement under section 503 were "different statements of the same offense of theft" (*Vidana*, at pp. 647–648), the defendant could not "be convicted of both crimes." (*Id.* at p. 635.) *Vidana* affirmed the lower court's judgment striking the defendant's larceny conviction. (*Id.* at p. 651 & fn. 18.) In doing so, however, *Vidana* noted the Attorney General had not requested a different result; accordingly, the court expressed "no opinion" on whether striking the larceny conviction or consolidating the two convictions was "the proper remedy." (*Ibid.*) "Cases are not authority for propositions not considered." (*People v. Brown* (2012) 54 Cal.4th 314, 330.)

3

We conclude the appropriate remedy is to consolidate the two forms of aggravated assault into a single conviction of assault with a deadly weapon and assault by means of force likely to produce great bodily injury. Because the deadly weapon enhancement in section 12022, subdivision (b)(1) is an element of assault with a deadly weapon, however, "no deadly weapon use enhancement can properly attach" to the consolidated conviction. (See *People v. Brunton* (2018) 23 Cal.App.5th 1097, 1107; § 12022, subd. (b)(1).) Thus, remand for resentencing is required. (*Brunton*, at p. 1108.)

## DISPOSITION

The matter is remanded to the trial court with directions to (1) consolidate Gentry's separate convictions in counts 1 and 2 into a single conviction of assault with a deadly weapon (§ 245, subd. (a)(1)) and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), being separate statements of the same offense; (2) strike the deadly weapon enhancement (§ 12022, subd. (b)(1)); and (3) resentence Gentry consistent with this opinion. In all other aspects, the judgment is affirmed.

"To the extent the parties desire a more expeditious remand, they may stipulate to the immediate issuance of the remittitur." (*People v. Porter* (2022) 73 Cal.App.5th 644, 652; Cal. Rules of Court, rule 8.272(c)(1).)

LANGHORNE WILSON, J.

WE CONCUR


HUMES, P. J.


CASTRO, J.*


A166735

---

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.