Filed 3/28/24  P. v. Carrillo CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALVARO ANTONIO CARRILLO,<br><br>    Defendant and Appellant. | D081946<br><br><br>(Super. Ct. No. SCN400895) |

APPEAL from a judgment of the Superior Court of San Diego County, Sim von Kalinowski, Judge.  Affirmed as modified; remanded with directions.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and James M. Toohey, Deputy Attorneys General, for Plaintiff and Respondent.

### MEMORANDUM OPINION

A jury convicted Alvaro Antonio Carrillo of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 2) and assault with force likely

to cause great bodily injury (§ 245, subd. (a)(4); count 3). The court sentenced Carrillo to prison for a term of five years, consisting of four years on the upper term for count 2 and a consecutive one-year term on count 3.

Carrillo appeals, contending: (1) he could not be convicted under counts 2 and 3 because both counts were based on the same conduct and (2) the trial court erred by failing to stay his sentence under count 3 pursuant to section 654. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854), we agree with Carrillo as to his first argument and do not reach the second. Thus, we vacate his conviction under count 3, strike the corresponding one-year sentence, and affirm the judgment as modified.

Section 954 authorizes multiple convictions for different or distinct offenses, "'but does not permit multiple convictions for a different statement of the same offense when it is based on the same act or course of conduct.'" (*People v. Vidana* (2016) 1 Cal.5th 632, 650.) Assault with a deadly weapon and assault with force likely to cause great bodily harm are "'different statements of the same offense.'" (*People v. Aguayo* (2022) 13 Cal.5th 974, 979 (*Aguayo*), quoting § 954.) Therefore, a defendant cannot be convicted of both offenses unless separate acts support each offense. (*Id*. at pp. 993-995.) In evaluating whether these two offenses are based on different acts, we look to the jury's findings of fact, the charging document, the jury verdict forms, jury instructions, and the prosecutor's closing argument. (*Id*. at pp. 993-994.)

Here, Carrillo chased the victim through a parking lot. Upon catching up to the victim, Carrillo hit him over the head with the butt of a knife. Then, after the victim fell to the ground, Carrillo continued to strike the victim, ultimately stabbing him in the chest and killing him. The People claim the jury based count 2 (assault with a deadly weapon) on Carrillo's use

2

of the knife and count 3 (assault with force likely to cause great bodily injury) on Carrillo repeatedly striking the victim after he had fallen to the ground. While the jury could have made those findings, on the record before us, it is unclear "whether there is a reasonable probability that the jury failed to do so." (*Aguayo, supra*, 13 Cal.5th at p. 995.)

The People concede the information, jury instructions, and verdict forms did not specify the acts upon which each assault charge was based. Nonetheless, they claim the jury instructions for the two assault offenses required a distinction between deadly weapon use and great bodily injury, which supports their argument that the jury based the verdicts for counts 2 and 3 on separate acts. We disagree.

Among other jury instructions, the trial court provided the jury with instructions on assault with a deadly weapon and assault with force likely to produce great bodily injury. Although the former requires the use of a deadly weapon, the latter merely requires that the defendant perform "an act that by its nature would directly and probably result in the application of force to a person" and "the force used was likely to produce great bodily injury." As such, the instruction for assault with force likely to produce great bodily injury does not prohibit the jury from relying on Carrillo's use of the knife to stab the victim, as such an act "would directly and probably result in the application of force" to the victim and would be "likely to produce great bodily injury." Thus, the jury instructions are of no help to the People here.

In addition, the People concede the prosecutor did not address the assault allegations in detail during closing argument but rather focused "primarily on the murder offense." Indeed, the prosecutor merely asserted to the jury that "Carrillo was a direct perpetrator of an assault with force likely to produce great bodily injury against" the victim. The prosecutor did not

3

specifically and distinctly discuss what acts supported the offense for count 2 and what acts supported the offense for count 3. The People emphasize that the prosecutor discussed the timeline of events but that presentation does not explain on which act or acts the jury was relying to convict Carrillo under counts 2 and 3. Accordingly, it is unclear from the record on what evidence the jury relied to convict Carrillo of assault with a deadly weapon (count 2) and assault with force likely to produce great bodily injury (count 3), and the use of the knife to stab the victim would support a conviction under both counts 2 and 3. Ultimately, "there is a reasonable probability that the jury would have convicted defendant of only one, and not both, aggravated assault offenses," and "we cannot affirm based on our own view of what the evidence would support." (*Aguayo*, *supra*, 13 Cal.5th at p. 995.)

Consequently, we vacate Carrillo's conviction in count 3 for assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)) and strike the one-year sentence associated with that count. Carrillo remains convicted of count 2 (assault with a deadly weapon; § 245, subd. (a)(1)), and his four-year sentence for that conviction stays unchanged.

## DISPOSITION

The judgment is modified to vacate Carrillo's conviction on count 3, assault with force likely to produce great bodily injury. In addition, the one-year prison sentence associated with that offense is hereby stricken. The judgment is affirmed as amended. The trial court is directed to amend the abstract of judgment consistent with this opinion and forward a certified copy to all appropriate entities.

CASTILLO, J.

WE CONCUR:


IRION, Acting P. J.


DO, J.

5