Filed 6/21/24  P. v. Friedlander CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. GABRIEL ERIC FRIEDLANDER, Defendant and Appellant. | G062689 (Super. Ct. No. 22CF0279) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Terri K. Flynn-Peister.  Affirmed in part; reversed in part, with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Heather

B. Arambarri and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

* * *

A jury found defendant Gabriel Eric Friedlander not guilty of possession of a controlled substance for sale (Health & Saf. Code, § 11378 [count 1]) and transportation of a controlled substance for sale (*id*., § 11379, subd. (a) [count 2]), but found him guilty on both counts of the lesser included offense of simple possession of methamphetamine, a controlled substance (*id*., § 11377).  Friedlander's sole argument on appeal is the trial court erred by staying the sentence on count 2 pursuant to Penal Code section 654,[1] rather than vacating the conviction pursuant to section 954 because counts 1 and 2 were the same offense based on Friedlander's possession of the same methamphetamine.  The Attorney General concedes the error.  We agree. The dual convictions on counts 1 and 2 violate section 954 because both convictions were based on the same conduct.  Accordingly, we vacate Friedlander's conviction on count 2.  In all other respects, the judgment is affirmed.

FACTS AND PROCEDURAL HISTORY

During a patrol stop, deputy sheriffs from the Orange County Sheriff's Department found approximately 30 grams of methamphetamine contained in multiple bags, as well as drug paraphernalia, in Friedlander's vehicle.  In addition to counts 1 and 2, Friedlander was charged with maintaining a false compartment in a vehicle with the intent to transport a controlled substance (Health & Saf. Code, § 11366.8, subd. (a) [count 3], and

---

[1]  All further statutory references are to the Penal Code, unless otherwise indicated.

possession of drug paraphernalia (*id.*, § 11364, subd. (a) [count 4]). The jury found Friedlander not guilty on counts 1 and 2, but guilty of the lesser included offense of simple possession for both counts. The jury also found Friedlander guilty on counts 3 and 4. The court imposed a sentence of 90 days in jail for count 1, reduced count 3 to a misdemeanor, and ordered a 90-day term for count 3 to run concurrently with count 1. The court suspended imposition of sentence and placed Friedlander on one year of informal probation on the condition, among other things, that he attend a 90-day outpatient drug program. The court stayed the sentences for counts 2 and 4 pursuant to section 654. Friedlander timely appealed.

## DISCUSSION

Section 954 provides in part as follows: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts. . . . The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged." (*Ibid.*) The California Supreme Court has held that although a defendant may be charged and convicted under section 954 of "two or more different offenses connected together in their commission" (*ibid.*) and "may be convicted of any number of the offenses charged" (*ibid.*), if two alleged offenses are "different statements of the same offense" (*People v. Aguayo* (2022) 13 Cal.5th 974, 979), convictions for both cannot stand. (See *People v. Vidana* (2016) 1 Cal.5th 632, 650 ["'The most reasonable construction of the language in section 954 is that the statute authorizes multiple convictions for different or distinct offenses, but does not permit multiple convictions for a different

3

statement of the same offense when it is based on the same act or course of conduct"'].)

Here, the convictions on counts 1 and 2 are for the same offense, based on the same conduct—possession of a controlled substance for personal use. The trial court erred in staying the sentence on count 2 pursuant to section 654 rather than vacating the conviction under section 954.[2] (*People v. Aguayo, supra*, 13 Cal.5th at p. 996.)

Based on our conclusion that Friedlander's conviction on count 2 must be vacated, we need not reach Friedlander's assertion that his conviction for both counts implicates principles of double jeopardy.

---

[2] Section 954 "'concerns the propriety of multiple convictions, not multiple punishments, which are governed by section 654.'" (*People v. White* (2017) 2 Cal.5th 349, 354.) In cases where section 954 permits multiple convictions to stand, but section 654 bars multiple punishment, rather than reverse the additional conviction, courts simply stay the punishment for that conviction. (*People v. White*, at p. 356.)

## DISPOSITION

The conviction for simple possession of a controlled substance on count 2 is vacated. The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified in this opinion and forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


GOODING, J.

WE CONCUR:


GOETHALS, ACTING P. J.


MOTOIKE, J.