Filed 1/27/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>      v.<br><br>EMMANUEL COTA,<br><br>   Defendant and Appellant. | G056850<br><br>(Super. Ct. No. 15CF0401)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Maria D. Hernandez, Judge. Affirmed in part, reversed in part, and remanded with directions.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and Respondent.

\*       \*       \*

A jury convicted defendant Emmanuel Cota of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 1)[1] and assault with force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2). As to both counts, the jury also found defendant personally inflicted great bodily injury upon the victim. (§ 12022.7.) Defendant was sentenced to state prison for a total term of six years, comprised of three years for assault with a deadly weapon in count 1 and a consecutive three-year term for the great bodily injury enhancement attached to that count. The court imposed a concurrent sentence on count 2 but stayed the term under section 654.

On appeal, defendant argues his convictions for assault with a deadly weapon in count 1 and assault with force likely to cause great bodily injury in count 2 are different statements of the same offense and his dual convictions violate section 954. He requests we either vacate his conviction in count 2 or remand his case to the trial court with directions to strike one of his duplicative convictions and its attending great bodily injury enhancement. The Attorney General contends defendant's dual assault convictions should be affirmed because they are separate offenses legally and factually. We conclude assault with a deadly weapon and assault with force likely to cause great bodily injury are different statements of the same offense, and based on the record in this case, we conclude defendant's dual assault convictions violate section 954 because both convictions were based on the same conduct. Accordingly, we vacate defendant's conviction for assault with force likely to cause great bodily injury in count 2 and the great bodily injury enhancement attached to this count. In all other respects, the judgment is affirmed.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

2

In August 2014, victim Morales lived in a house in Santa Ana with his mother and extended family members, which included defendant's girlfriend Cindy and her three children. Defendant also lived at the house from time to time, but Morales never interacted with him.

The morning of August 1, 2014, Morales, who had recently had a partial leg amputation and been fitted with a prosthetic leg, was sitting at the kitchen table eating when Cindy entered the kitchen and started arguing with him. Defendant soon followed, coming into the kitchen, yelling at Morales, calling him names, and saying he deserved to have his "ass kicked." Defendant and Cindy were yelling at Morales from across the kitchen table when Morales stood up and, holding by his side a knife he was using to eat, told them to leave him alone. Defendant picked up a heavy, metal chair and swung it at Morales, hitting Morales's left arm as Morales threw his arm up to block the chair. The blow fractured Morales's left wrist in three places. Morales told the responding officer that defendant also hit him in the left leg with the chair, but by the time of trial, he could not remember being hit in the leg. Defendant punched Morales in the face, causing a small cut to his lip. Morales went to the hospital and later underwent surgery to repair the injury to his wrist.

Defendant was charged with assaulting Morales with a deadly weapon, the metal chair (§ 245, subd. (a)(1)), in count 1 and assaulting Morales by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)) in count 2. It was alleged as to both counts that defendant personally inflicted great bodily injury upon Morales in the commission of the offenses. (§ 12022.7, subd. (a).) In arguing the case to the jury, the prosecutor asserted defendant was guilty of committing an assault with a deadly weapon in count 1 based on his act of hitting Morales with the metal chair. The prosecutor told the jury that the charge of assault with force likely to cause great bodily injury in count 2

was "very, very similar to count 1" with almost identical elements.  The jury convicted defendant of both counts and found true the great bodily injury enhancement as to both.

## DISCUSSION

Defendant contends his dual aggravated assault convictions for assault with a deadly weapon in count 1 (§ 245, subd. (a)(1)) and assault with force likely to cause great bodily injury in count 2 (§ 245, subd. (a)(4)) violate section 954 because he was convicted of two statements of the same offense and both were based on the same conduct.  The Attorney General responds with two arguments.  First, the Attorney General asserts "the Legislature unambiguously intended both provisions to be different offenses" and therefore defendant was properly convicted of both counts of assault.  Second, the Attorney General contends, in the alternative, that it is possible the jury convicted defendant of assault with force likely to cause great bodily injury in count 2 based on his act of punching Morales in the face, and, therefore, the factual basis for count 2 was different than that in count 1.  We disagree with both of the Attorney General's arguments.

We begin our analysis with section 954,[2] which "'authorizes multiple convictions for different or distinct offenses, but does not permit multiple convictions for a different statement of the same offense when it is based on the same act or course of conduct.'" (*People v. Vidana* (2016) 1 Cal.5th 632, 650 (*Vidana*).)  Our Supreme Court has advised that whether statutory provisions "define different offenses or merely

---

[2] Section 954 states in pertinent part: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts . . . .  The prosecution is not required to elect between the different offenses or counts set forth in the accusatory pleading, but the defendant may be convicted of any number of the offenses charged . . . ."

4

describe different ways of committing the same offense properly turns on the Legislature's intent in enacting these provisions, and if the Legislature meant to define only one offense, we may not turn it into two." (*People v. Gonzalez* (2014) 60 Cal.4th 533, 537 (*Gonzalez*).)

Here, the issue is whether the Legislature defined one aggravated assault that can be committed either (1) with a deadly weapon or (2) by means of force likely to cause great bodily injury or whether the Legislature meant to define two separate offenses. In our efforts to determine the Legislature's intent, we must "'harmonize the various parts of a statutory enactment by considering [them] in the context of the statutory framework as a whole. [Citation.] Ordinarily, the words of the statute provide the most reliable indication of legislative intent. [Citation.] However, a statute's literal terms will not be given effect if to do so would yield an unreasonable or mischievous result.' [Citation.] If '"the statutory language is susceptible of more than one reasonable construction, we can look to legislative history in aid of ascertaining legislative intent."'" (*Vidana, supra*, 1 Cal.5th at pp. 637-638.)

Although now contained in two separate subparagraphs of subdivision (a) in section 245, assault with a deadly weapon and assault with force likely to cause great bodily injury were previously together in the aggravated assault statute. Former section 245 read: "'Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury is punishable . . . .'" (*In re Mosley* (1970) 1 Cal.3d 913, 918, fn. 4.) The Supreme Court interpreted this language as defining "only one offense" that could be committed in two different ways, explaining "assault by means of force likely to produce great bodily injury is not an offense separate from—and certainly not an offense lesser than and included within—the offense of assault with a deadly weapon." (*Id.* at p. 919, fn. 5.) Although this conclusion was dictum, it is persuasive (*People v. Brown* (2000) 77 Cal.App.4th 1324, 1336 ["even dictum from our Supreme Court is considered 'highly

5

persuasive'"]), and for many years it was well-settled that "'[t]he offense of assault by means of force likely to produce great bodily injury is not an offense separate from . . . the offense of assault with a deadly weapon.'" (*People v. McGee* (1993) 15 Cal.App.4th 107, 114; see *People v. Martinez* (2005) 125 Cal.App.4th 1035, 1043 [noting "the statute describes two different ways of committing a prohibited assault"].) Although this provision subsequently "was designated subdivision (a)" and then subdivision (a)(1) (*In re Jonathan R.* (2016) 3 Cal.App.5th 963, 968 (*Jonathan R.*)), the understanding remained that section 245, subdivision (a)(1) provided two alternative statements of aggravated assault. In *People v. Aguilar* (1997) 16 Cal.4th 1023, our Supreme Court explained: "the jury's decisionmaking process in an aggravated assault case under section 245, subdivision (a)(1), is functionally identical regardless of whether, in the particular case, the defendant employed a weapon alleged to be deadly as used or employed force likely to produce great bodily injury; in either instance, the decision turns on the nature of the force used" except in cases involving an inherently dangerous weapon. (*Id.* at p. 1035.)

In 2011, the Legislature amended section 245, subdivision (a)(1), splitting it into two separate subdivisions. While assault with a deadly weapon remained in subdivision (a)(1), assault with force likely to cause great bodily injury was moved to newly created subdivision (a)(4). (Assem. Bill No. 1026 (2011-2012 Reg. Sess.); Stats. 2011, ch. 183, § 1.) The purpose of the amendment was to make it easier in subsequent cases to determine whether a defendant's aggravated assault conviction under section 245, subdivision (a), involved an assault with a deadly weapon or assault with force likely to produce great bodily injury because certain recidivist provisions (i.e., the "Three Strikes" law) apply to prior convictions for assault with a deadly weapon but not prior convictions for assault with force likely to cause great bodily injury. (*People v. Brunton* (2018) 23 Cal.App.5th 1097, 1104 (*Brunton*).) The legislative history for Assembly Bill No. 1026 (AB 1026) states the legislation: """"does not create any new felonies or expand

6

the punishment for any existing felonies. It merely splits an ambiguous code section into two distinct parts.""" (*Brunton, supra*, at p. 1104.)

This legislative amendment has resurrected the question of whether assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)) is an offense separate from assault with a deadly weapon (§ 245, subd. (a)(1)). Two courts to have considered this issue have ultimately concluded section 954 prohibits a defendant from being convicted of both based on the same act, but they reached this conclusion by different paths. In *Jonathan R., supra*, 3 Cal.App.5th 963, the First Appellate District Court of Appeal held assault with force likely to cause great bodily injury is an offense separate from but necessarily included within the offense of assault with a deadly weapon, and, therefore, the defendant could not be convicted of both the greater and the lesser offense under section 954. (*Jonathan R.*, at p. 966.) Based on the structure of section 245, subdivision (a), the *Jonathan R.* court concluded the Legislature intended to create two separate assault offenses when it amended section 245, subdivision (a)(1) and moved assault with force likely to cause great bodily injury to subdivision (a)(4). (*Jonathan R.*, at pp. 970-971.) Our colleagues in Division One of this district, however, reached a different conclusion in *Brunton, supra*, 23 Cal.App.5th 1097, after considering the legislative history of AB 1026. *Brunton* concluded assault with a deadly weapon and assault with force likely to cause great bodily injury are different statements of the same aggravated assault offense, and, therefore, dual convictions are prohibited under section 954. (*Brunton*, at pp. 1106-1107.) We conclude *Brunton*'s analysis is more persuasive.

Defendant does not rely on *Jonathan R., supra*, 3 Cal.App.5th 963 nor does he argue that his conviction for assault with force likely to cause great bodily injury must be vacated as a lesser included offense of his conviction for assault with a deadly weapon. The Attorney General, however, urges us to follow part of *Jonathan R.*, and find "subdivisions (a)(1) and (a)(4) of section 245" define different offenses. Thus, a discussion of *Jonathan R.* is necessary.

In *Jonathan R.*, the juvenile court found true allegations that the minor had committed an assault with a deadly weapon and an assault with force likely to cause great bodily injury based on his conduct of stabbing a man during a fight. (*Jonathan R., supra*, 3 Cal.App.5th at p. 966.) On appeal, the minor argued he was improperly found to have violated both subparagraphs of subdivision (a) of section 245 because they "merely specify different ways of committing a single offense." (*Jonathan R.*, at p. 966.) The Court of Appeal rejected this argument, relying on *Gonzalez, supra*, 60 Cal.4th 533, in which the Supreme Court concluded section 954 permitted a defendant to be convicted of both oral copulation of an unconscious person and oral copulation of an intoxicated person under two separate subdivisions of section 288a. (*Jonathan R.*, at pp. 969-971.) After discussing *Gonzalez*, the *Jonathan R.* court found: "The statutory structure of section 245 is indistinguishable from that of section 288a. Each subdivision of section 245 sets out different circumstances under which a person can commit aggravated assault, and each subdivision specifies the punishment applicable to those circumstances. The reasoning of *Gonzalez* would therefore classify each subdivision as a separate offense and permit more than one conviction based upon the violation of more than one subdivision of section 245." (*Jonathan R.*, at p. 970.) The minor argued otherwise, relying on the legislative history of AB 1026. (*Jonathan R*., at p. 971.) The *Jonathan R.* court refused to consider the legislative history, explaining: "The rationale of *Gonzalez* precludes such an analysis. The court held, in effect, that the Legislature is deemed to have intended to create separate offenses whenever a statute isolates violations with separate elements and punishments in separate subdivisions. Under *Gonzalez*, this statutory structure was held to be an element of the plain language of the statute, and that language was held to be unambiguous in creating separately convictable offenses. Given the absence of ambiguity, expressions of intent in a statute's legislative history are irrelevant to its interpretation." (*Ibid*.) Although the *Jonathan R.* court concluded assault with a deadly weapon and assault with force were separate offenses (*id.* at p. 970), it

8

nevertheless vacated the finding that the minor committed an assault with force likely to cause great bodily injury on the grounds that the offense was a necessarily included offense of assault with a deadly weapon (*id.* at p. 975).[3]

Defendant relies on *Brunton, supra*, 23 Cal.App.5th 1097, to support his argument that assault with a deadly weapon and assault with force likely to cause great bodily injury are different statements of the same offense, and, therefore, he suffered improper dual convictions under section 954. Similar to the situation in *Jonathan R.*, the defendant in *Brunton* was convicted of both assault with a deadly weapon and assault with force likely to cause great bodily injury based on his conduct of choking his cellmate with a towel. (*Brunton*, at p. 1099.) On appeal, he argued his two convictions were different statements of the same offense and violated section 954. (*Brunton,* at pp. 1099-1100.) The *Brunton* court disagreed with *Jonathan R.* "[b]ased on intervening developments in the law" (*id.* at p. 1106) and concluded the offenses were different statements of the same offense and that one of the duplicative convictions should be vacated (*id.* at pp. 1105-1108).

An "intervening development[]" cited by the *Brunton* court was the Supreme Court's decision in *Vidana, supra*, 1 Cal.5th 632. (*Brunton, supra*, 23 Cal.App.5th at p. 1106.) In *Vidana*, the high court was faced with the question of whether larceny and embezzlement were different statements of the same offense such that a defendant could not be convicted of both based on the same course of conduct. (*Vidana*, at pp. 647-648.) The Supreme Court "undertook a detailed analysis of the

---

[3]    In apparent disagreement with *Jonathan R.*'s conclusion that assault with force likely to cause great bodily injury is a lesser included offense of assault with a deadly weapon, the Attorney General cites *People v. Aguayo* (2019) 31 Cal.App.5th 758, which held assault with force likely to cause great bodily injury is not a lesser included offense, review granted May 1, 2019, S254554. After the Attorney General filed his brief, on November 20, 2019, the Supreme Court ordered the parties in *Aguayo* to brief the issue of whether "assault by means of force likely to produce great bodily injury [is] a lesser included offense of assault with a deadly weapon."

9

legislative history" of the larceny and embezzlement statutes before concluding they "constituted mere restatements of the same offense, even though they 'have different elements,' 'neither is a lesser included offense of the other,' and they are found in 'self-contained' statutes." (*Brunton,* at pp. 1106-1107.)

Relying on the analysis in *Vidana*, the *Brunton* court concluded, in contrast to *Jonathan R.*, that "the statutory structure of section 245 is not, by itself, such an unambiguous expression of the Legislature's intent that we may not resort to additional material in ascertaining that intent." (*Bruton, supra*, 23 Cal.App.5th at p. 1107.) Review of the legislative history and prior case law interpreting section 245, subdivision (a)(1), as setting forth a single aggravated assault offense convinced the *Brunton* court that "the Legislature did not intend for its 2011 amendment of section 245 to create two offenses where the former statute set forth only one." (*Brunton* at p. 1107.) The *Brunton* court thus concluded "that, when based on a defendant's single act of using a noninherently dangerous object in a manner likely to produce great bodily injury, section 245(a)(1) and (4) are merely different statements of the same offense such that the defendant may not be convicted of violating both subparts of the subdivision." (*Ibid.*)

We agree with *Brunton*'s reasoning and conclude one of defendant's convictions must be vacated because he was improperly convicted of both assault with a deadly weapon and assault with force likely to cause great bodily injury based on his act "of using a noninherently dangerous object in a manner likely to produce great bodily injury." (*Brunton, supra*, 23 Cal.App.5th at p. 1107.)

The Attorney General asserts *Brunton* was "wrongly decided" and urges us not to follow it. He relies on the Supreme Court's decision in *Gonzalez*, as the court did in *Jonathan R.*, and the Supreme Court's more recent decision in *People v. White* (2017) 2 Cal.5th 349, in which the court concluded a defendant was properly convicted of both rape of an intoxicated person under section 261, subdivision (a)(3), and rape of an unconscious person under section 261, subdivision (a)(4)(A), because the two statutory

subdivisions described different offenses. (*White,* at pp. 351-352.) The Attorney General contends "the text and structure of" section 245, subdivision (a), parallels those at issue in *Gonzalez* and *White* and that application of the analysis employed by the Supreme Court in those cases leads to the conclusion here that "the Legislature must have intended assault with a deadly weapon and assault by means of force likely to produce great bodily injury to be different offenses, because they are defined by different elements, listed in separate self-contained subdivisions, and found in the same section among other assault crimes, some of which carry different punishments." We disagree by echoing *Brunton*'s conclusion that "the statutory structure of section 245 is not, by itself, such an unambiguous expression of the Legislature's intent that we may not resort to additional material in ascertaining that intent." (*Brunton, supra*, 23 Cal.App.5th at p. 1107.) And as in *Brunton*, our review of the legislative history and prior case law convinces us that "the Legislature did not intend for its 2011 amendment of section 245 to create two offenses where the former statute set forth only one." (*Ibid.*) We also disagree with the Attorney General's assertion that the "development" of section 245 "over time further confirms the Legislature's intent that each subdivision represent a unique crime," as we find *Brunton*'s analysis of the legislative history persuasive. (*Brunton, supra*, at p. 1107.)[4]

---

[4] The Attorney General contends "the *Brunton* approach" would bar the prosecution from charging both aggravated assault offenses and "threatens significant consequences for the criminal justice system." The Attorney General misunderstands section 954. A defendant may still be charged with both assault with a deadly weapon and assault with force likely to cause great bodily injury when they are different statements of the same offense, but the defendant may not be convicted of both. (See *Vidana, supra*, 1 Cal.5th at p. 637; CALCRIM No. 3516 ["Multiple Counts: Alternative Charges for One Event—Dual Conviction Prohibited"].)

11

In essence, the Attorney General is asking this court to reach a conclusion unlike that in either *Jonathan R.* or *Brunton*—that assault with force likely to cause great bodily injury is an offense separate from and not a lesser included offense within assault with a deadly weapon. We decline the invitation absent further guidance from the Supreme Court, as such a conclusion would be contrary to the high court's dictum in *Mosley*. We conclude defendant's convictions for assault with a deadly weapon and assault with force likely to cause great bodily injury violate section 954 because they are different statements of the same offense of aggravated assault and both were based on the same conduct.

The Attorney General alternatively argues that even if assault with a deadly weapon and assault with force likely to cause great bodily injury are two statements of the same offense, defendant's dual convictions were proper nonetheless because they were not based on the same act. The Attorney General asserts the jury could have convicted defendant of assault with force likely to cause great bodily injury based on his act of punching Morales in the face. In theory yes, but that is not how the prosecutor argued the case to the jury. Although the prosecutor did not explicitly argue the factual basis for the charge of assault with force likely to cause great bodily injury, looking at the prosecutor's closing and rebuttal arguments as a whole, it is clear to us, and would have been clear to the jury, that the prosecutor was relying on defendant's act of hitting Morales with the chair as the basis for both assault charges.

The prosecutor began his closing argument by summarizing the evidence as showing that defendant "took this chair and struck victim Morales breaking his wrist in three places, punched him in the face and threw him to the ground . . . ." The prosecutor argued defendant was guilty of assault with a deadly weapon in count 1 based on his action of hitting Morales with the chair. The prosecutor did not identify separate conduct for the charge of assault with force likely to cause great bodily injury in count 2, but instead told the jurors: "Count 2 is very, very similar to count 1. It is assault with force

12

likely to cause or produce great bodily injury. The elements are identical to count 1. The only difference is that in count 1 it is an assault with a deadly weapon and in count 2 it is assault with force likely to produce great bodily injury. [¶] So that is the distinction between counts 1 and 2. They are very, very similar in their elements." The prosecutor also urged the jury to find as to both counts that defendant personally inflicted great bodily injury, arguing that "an injury that requires a surgery like in this case, is great bodily injury." The prosecutor did not argue that the quarter centimeter laceration to Morales's lip resulting from the punch was great bodily injury.

Contrary to the Attorney General's assertion, this is not a situation in which the jury was instructed "with both a proper theory and a factually inadequate one." Here, there was not an inadequacy of factual proof as to count 2. (*People v. Aledamat* (2019) 8 Cal.5th 1, 7 ["a '"*factually* inadequate theory"'" is a theory unsupported by the evidence].) The evidence of defendant striking Morales with the chair was sufficient to support defendant's conviction for assault with force likely to cause great bodily injury in count 2. The problem is that the prosecutor also relied on this act to support the charge of assault with a deadly weapon in count 1. For hitting Morales with the chair, defendant was convicted of both assault with a deadly weapon and assault with force likely to cause great bodily injury, violating section 954.

We vacate defendant's conviction for assault by means of force likely to cause great bodily injury in count 2 and strike its attending great bodily injury enhancement. This outcome does not impact defendant's total sentence as the term on count 2 was stayed under section 654.

DISPOSITION

The conviction for assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)) in count 2 is vacated and the great bodily injury enhancement

13

(§ 12022.7, subd. (a)) on count 2 is stricken. The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified in this opinion and forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

14