Filed 1/20/23 P. v. Cruz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096019 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE001971) |
| v. | |
| MIGUEL ANGEL PINEDA CRUZ, | |
| Defendant and Appellant. | |

Defendant Miguel Angel Pineda Cruz appeals from the trial court's March 2022 order denying his motion to correct an unauthorized sentence, made while his original appeal of his convictions was still pending. His appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief, and he filed a letter brief raising multiple issues. We will affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the underlying facts and procedural history is set forth in our prior opinion in this case. (*People v. Cruz* (Apr. 29, 2022, C092435) [nonpub. opn.].) In sum, Maria E., who had been defendant's romantic partner for 13 years, left him in November 2017. In response, defendant sent Maria E. text messages threatening to kill her and members of her family. Maria E. believed defendant's threats and was afraid. In January 2018, Maria E. and a friend went to defendant's home to retrieve some of her belongings. Defendant grew upset, pointed a gun at Maria E.'s head, rammed the tip of the gun into her forehead, and threatened to kill her and her friend. With defendant's consent, police officers subsequently searched the home and a detached garage behind the home and found a gun and methamphetamine.

Based on the text messages to Maria E. in November 2017, a jury found defendant guilty of criminal threats (Pen. Code, § 422; count one),[1] and, based on the January 2018 incident, criminal threats (§ 422; count three), assault with a firearm (§ 245, subd. (b); count two), domestic violence (§ 273.5, subd. (a); count four), possession of a firearm by a felon (§ 29800, subd. (a)(1); count five), and methamphetamine possession (Health & Saf. Code, § 11377, subd. (a); count six). The jury also found true that defendant personally used a firearm in committing counts two and three. (§ 12022.5, subd. (a).)

In July 2020, the trial court sentenced defendant to state prison for an aggregate term of 11 years four months as follows: (1) the middle term of six years for the assault count (count two), plus the middle term of four years for the firearm enhancement; (2) eight months consecutive for the text message criminal threats (count one); (3) two years consecutive for the criminal threats on January 30, 2018 (count three), plus four years for the firearm enhancement, stayed pursuant to section 654; (4) the middle term of three

---

[1] Undesignated statutory references are to the Penal Code.

years consecutive for the domestic violence count (count four), stayed pursuant to section 654; (5) eight months consecutive for firearm possession (count five); and (6) no additional time for the methamphetamine possession (count six). Citing *People v. Jones* (2002) 103 Cal.App.4th 1139, the trial court denied defendant's request to stay the sentence on count five (possession of a firearm by a felon) pursuant to section 654, reasoning that defendant's act of brandishing the firearm to the victim and pointing it at her head was separate and independent of the use of the firearm to strike the victim.

In his original appeal, defendant argued (1) the trial court erroneously admitted evidence of prior uncharged acts of domestic violence and unauthenticated text messages, (2) the evidence was insufficient to support his conviction for being a felon in possession of a firearm, and (3) the cumulative effect of these errors violated due process. (*People v. Cruz, supra*, C092435.) We affirmed the judgment on April 29, 2022.

In February 2022, while his original appeal was still pending, defendant filed a motion in the trial court to correct an unauthorized or illegal sentence pursuant to sections 654 and 954. He argued that counts two, three, four, and five "occurred at the same time" and were "so close together that they are the same event." Defendant further argued that counts two and five were the same crime because, in order to commit an assault with a firearm, "one must first possess a firearm." In addition, he argued his sentence should have been reviewed pursuant to "620," which we interpret to mean Senate Bill No. 620 (2017-2018 Reg. Sess.), granting trial courts the discretion to strike in the interest of justice a section 12022.5 firearm enhancement.

Acknowledging that defendant's original appeal was still pending, the trial court denied defendant's motion in March 2022 because defendant had failed to establish that his sentence was unauthorized. The trial court noted that defendant had made no substantive argument regarding section 954. The trial court reasoned that, to the extent defendant argued counts three and four were part of the same event as count two, the sentences on counts three and four had already been stayed pursuant to section 654. And,

3

although counts two and five involved the same firearm, they were "different crimes with different elements." Moreover, to the extent defendant argued they were part of the same event, the trial court cited *People v. Wynn* (2010) 184 Cal.App.4th 1210, 1217 for the proposition that section 654 does not apply where the weapon possession preceded the assault.

Defendant filed an appeal from the trial court's March 2022 order on April 12, 2022, i.e., while his prior appeal was still pending.

## DISCUSSION

### A. Arguments Regarding the Merits of Defendant's Firearm Possession Conviction

In his supplemental briefing, defendant first challenges his firearm possession conviction, arguing he never gave consent for the police search of the detached garage, and that it was improper to charge him with constructive possession of the firearm, given that he did not have exclusive access to the garage. We decline defendant's invitation to address arguments related to the merits of his conviction, given that his appeal here is limited to the trial court's denial of his motion to correct an unauthorized sentence pursuant to sections 654 and 954. We further note that defendant has forfeited these arguments because he failed to raise them in the trial court. (See *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1054 ["a party must raise an issue in the trial court if they would like appellate review"].)

### B. Arguments Regarding Section 654

Defendant next argues the trial court erred in determining that it had properly sentenced defendant pursuant to section 654.[2] According to defendant, some of his

---

[2] Defendant makes no argument about how his convictions violate section 954 and instead merely quotes *People v. Vidana* (2016) 1 Cal.5th 632 for the proposition that section 954 " 'authorizes multiple convictions for different or distinct offense[s], but does

4

crimes happened so close together that they were in fact one event or one crime. We disagree.

At the time of defendant's sentencing, section 654, subdivision (a) provided in part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) "Section 654 precludes multiple punishments for a single act or indivisible course of conduct." (*People v. Hester* (2000) 22 Cal.4th 290, 294.) " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*People v. Correa* (2012) 54 Cal.4th 331, 336.) "If, on the other hand, defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' " (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)

"Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination." (*People v. Jones, supra*, 103 Cal.App.4th at p. 1143.) As courts have explained, section 654 does not bar punishment for both unlawful possession of a firearm and the primary offense in which the defendant employs the weapon. (*Ibid.*) If the possession is "distinctly antecedent and separate from the primary offense," a court must impose punishment for both offenses.

---

not permit multiple convictions for a different statement of the same offense when it is based on the same act or course of conduct' " (*Vidana,* at p. 650).

5

However, if the possession is "only in conjunction with the primary offense," then the court may not punish for both offenses. (*Ibid.*)

We agree with the trial court that, to the extent defendant argues counts three and four were part of the same event as count two, the sentences on counts three and four had already been stayed pursuant to section 654. With respect to counts two and five, we find no error in the trial court's conclusion in May 2022 that it acted within its discretion in 2020 in holding that defendant's unlawful possession of the firearm was distinctly antecedent and separate from the assault, given that defendant also brandished it to Maria E. and pointed it at her head. The trial court did not abuse its discretion and the sentence was not unauthorized under section 654.

### C.       *Arguments Regarding Assembly Bill No. 518*

Finally, we turn to what we interpret as defendant's argument that the trial court failed to consider in March 2022 the recent amendments to section 654, effective January 1, 2022, which removed the requirement to impose the longest potential prison term. (§ 654, subd. (a); Assembly Bill No. 518 (2021-2022 Reg. Sess.); Stats. 2021, ch. 441, § 1.) We decline to address this argument because defendant failed to raise the issue in the trial court. (See *People v. Lowery, supra*, 43 Cal.App.5th at p. 1054 ["a party must raise an issue in the trial court if they would like appellate review"].)

# DISPOSITION

The trial court's order is affirmed.

_____/s/_____
BOULWARE EURIE, J.

We concur:

_____/s/_____
ROBIE, Acting P. J.

_____/s/_____
DUARTE, J.