Filed 7/11/23  P. v. Terrell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C096318 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF18-01944) |
| v. | |
| KENNETH MORGAN TERRELL, | |
| Defendant and Appellant. | |

Defendant Kenneth Morgan Terrell argues that we must vacate his five-year prison sentence because the trial court improperly imposed punishment for more than one offense based on a single act, in violation of Penal Code section 654.[1]  Defendant also contends the trial court imposed fines, fees, and assessments in violation of his constitutional rights.  The Attorney General concedes defendant must be resentenced to

---

[1]      Undesignated statutory references are to the Penal Code.

1

stay the sentences imposed for all but one of his convictions pursuant to section 654. We will accept the Attorney General's concession, vacate defendant's sentence, and remand for resentencing. Because we are remanding for a full resentencing, defendant's claims regarding fines, fees, and assessments can be addressed to the trial court in the first instance.

## BACKGROUND

The prosecution charged defendant with possession of methamphetamine for sale (Health & Saf. Code, § 11378); transportation of methamphetamine for sale (Health & Saf. Code, § 11379, subd. (a)); possession of methamphetamine while armed with a loaded, operable firearm (Health & Saf. Code, § 11370.1, subd. (a)); and possession of a firearm by a felon. (§ 29800, subd. (a)(1).) Because defendant only challenges his sentence in this appeal, we relate the evidence adduced at trial for these offenses only to the extent they are relevant to the sentencing issues raised.

A sheriff's deputy saw defendant driving erratically with an expired registration sticker on his truck and pulled him over. The officer saw a bag containing a large quantity of methamphetamine on the floorboard of the truck. After arresting defendant, the officer searched the truck and found another large bag of methamphetamine and a loaded handgun hidden together below the steering column.

At trial, defendant's counsel argued the evidence failed to show he intended to sell the methamphetamine. To prove this intent, the prosecution adduced testimony from an expert in the possession, sale, and distribution of controlled substances. The expert testified that methamphetamine dealers often have firearms alongside their stash of drugs for protection in case they are robbed.

The prosecution did not offer any evidence that defendant possessed the methamphetamine or the handgun before his arrest or had any intent for possessing the handgun other than protecting the inventory and proceeds of his methamphetamine business. Likewise, the charging document and the jury instructions do not indicate that

2

defendant's possession of the methamphetamine and the handgun occurred at any time other than the time of his arrest.

The jury found defendant guilty of each of the four charged offenses. The probation officer's postconviction report recommended sentencing defendant to consecutive prison terms on count 2, transportation of methamphetamine for sale, and count 3, possession of methamphetamine while armed with a loaded, operable firearm. The probation report recommended staying the sentences on count 1, possession of methamphetamine for sale, and count 4, possession of a firearm by a felon, pursuant to section 654, because the conduct for those offenses "mirror[ed]" the conduct for the other two offenses. The report reasoned that the trial court could execute the sentences on both counts 2 and 3 because "defendant's possession of a firearm is not inherently tied to drug use or sales; it does not require the offender to transport drugs or possess them for sale. It simply requires possession." Thus, the probation report concluded that the "firearm and controlled substances [were] independent of each other."

The trial court sentenced defendant to the upper term of four years in state prison on count 2, plus a consecutive term of one year in prison on count 3, and stayed the sentences on counts 1 and 4 pursuant to section 654. The court also imposed a $600 restitution fine (§ 1202.4, subd. (b)); a $600 parole revocation restitution fine (§ 1202.45); a $50 criminal laboratory analysis fee (§ 11372.5, subd. (a)); a $150 drug program fee (Health & Saf. Code, § 11372.7); $505 in unspecified penalty assessments; $160 in court operations assessments (§ 1465.8); and $120 in conviction assessments. (Gov. Code, § 70373.) Defense counsel did not raise section 654 as an impediment to the five-year sentence and did not object to the imposition of fines, fees, or assessments.

Defendant timely appealed the judgment.

DISCUSSION

Defendant contends the trial court violated section 654 by failing to stay all but one of the sentences imposed because all four convictions were based on a single act. The Attorney General concedes the issue, and we agree with the parties.

Section 654 provides, in part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. . . ." (§ 654, subd. (a).) In other words, "[s]ection 654 prohibits multiple punishment for a single physical act that violates different provisions of law." (*People v. Jones* (2012) 54 Cal.4th 350, 358 (*Jones*).) "[T]he proper method of eliminating the punitive consequences of multiple convictions [i]s to stay execution of sentence for all but one conviction arising out of each act or indivisible course of conduct." (*People v. Pearson* (1986) 42 Cal.3d 351, 360, disapproved on another ground in *People v. Vidana* (2016) 1 Cal.5th 632, 651.)

The trial court correctly determined that it could not execute sentences for both transporting and possessing the same methamphetamine (see *People v. Buchanan* (2016) 248 Cal.App.4th 603, 613), or for both possessing the handgun with methamphetamine and for possessing it having been convicted of a felony. (See *Jones, supra*, 54 Cal.4th at p. 357.) But the trial court, by executing sentences for both counts 2 and 3, implicitly agreed with the probation department's assessment that the two offenses were independent of each other. We agree with the parties that defendant's act of transporting methamphetamine for sale was not separate from the act of possessing the same methamphetamine while armed with the handgun, so executing the sentences for both offenses did not comport with section 654.

Because " 'simultaneous possession of different items of contraband' are separate acts for these purposes" (*Jones, supra*, 54 Cal.4th at p. 358), we must consider defendant's "intent or objective," the "test generally applied when there has been a course

4

of conduct rather than a single criminal act." (*Id*. at p. 359.) " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' [Citation.]" (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208.) "We apply a substantial evidence standard of review when determining whether section 654 applies. 'The determination of whether there was more than one objective is a factual determination, which will not be reversed on appeal unless unsupported by the evidence presented at trial.' [Citations.]" (*People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1289.)

Here, all of the evidence at trial showed defendant had a single purpose in transporting the methamphetamine and possessing the handgun. One large bag of methamphetamine was hidden together with the handgun below the steering wheel, within defendant's reach. The prosecution expert testified that methamphetamine dealers often have firearms alongside their stash of drugs for protection in case they are robbed. No evidence was introduced to establish that defendant possessed the methamphetamine or the handgun at any time before his arrest, or had any intent for possessing the handgun other than protecting the inventory and proceeds of his methamphetamine business. Likewise, the charging document and the jury instructions do not indicate that defendant's possession of the methamphetamine and the handgun occurred at any time other than the time of his arrest. (See *Jones, supra*, 54 Cal.4th at p. 359 [despite evidence that the defendant possessed the gun three days prior, charging document, jury instructions, and prosecutor's closing argument established "that the jury convicted [the] defendant of each crime due to his being caught with the gun in the car on May 26, 2008, not due to any antecedent possession"].)

Because no substantial evidence supports a finding that defendant had more than one objective in transporting methamphetamine in his truck while armed with a handgun,

we must vacate defendant's sentence and remand for resentencing consistent with section 654. On remand, "the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425.) Accordingly, defendant will be able to present his contentions regarding fines, fees, and assessments to the trial court in the first instance, and we need not address those issues in this appeal.

DISPOSITION

Defendant's sentence is vacated, and the case is remanded for a full resentencing consistent with section 654. In all other respects, the judgment is affirmed.


      KRAUSE      , J.


We concur:


      MAURO      , Acting P. J.


      MESIWALA      , J.