Filed 8/23/24  P. v. Sanchez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ELIAZAR SANCHEZ,<br><br>    Defendant and Appellant. | H051274<br>(Santa Clara County<br>Super. Ct. No. 207514) |

In 1999, Eliazar Sanchez was sentenced to imprisonment for 25 years to life.  As part of this sentence, the trial court imposed an enhancement for a prior prison term, but struck the punishment.  In 2023, relying on intervening legislation retroactively invalidating most "prison priors" and providing for resentencing of inmates upon whom now-invalid enhancement were imposed (Penal Code, § 1172.75),[1] Sanchez petitioned for resentencing.  The trial court denied the petition because the prison prior imposed upon Sanchez was not executed.  Sanchez appeals, arguing that section 1172.75 requires resentencing whenever a now-invalid prison prior was imposed, whether punishment for the prior was executed, stayed, or stricken.  We agree.  Accordingly, we reverse and remand with directions to resentence Sanchez under section 1172.75.

---

[1]  Subsequent undesignated statutory references are to the Penal Code.

# I. BACKGROUND

In 1998, an information charged Sanchez with various offenses relating, among other things, to the possession and transportation of methamphetamine as well as carrying and concealing a firearm. In addition, the information alleged various sentencing enhancements, including one under former section 667.5, subdivision (b) involving a robbery conviction for which Sanchez served a prison term. In March 1999, a jury found Sanchez guilty on all counts, and later that year the trial court found true the prison prior allegation. Accordingly, the trial court sentenced Sanchez to a total term of 25 years to life.

While a prison prior enhancement under section 667.5, subdivision (b) was included in both the clerk's minutes and the abstract of judgment, both indicated "S," or stayed, for the enhancement's term. However, at the sentencing hearing the trial stated that "[t]he court does strike in the interest of justice the additional one year enhancement under 667.5(b). The one year that is stricken is in the interest of justice."

In July 2023, invoking amendments to section 667.5, subdivision (b) made retroactive by Senate Bill No. 483 (2020-2021 Reg. Sess.), Sanchez requested resentencing under section 1172.75 in light of the prison prior imposed on him. In response, the prosecutor did not dispute that a prison prior was imposed on Sanchez or that he had been identified by the Department of Corrections and Rehabilitation as having an eligible prior.[2] Instead, the prosecutor argued that Sanchez was not entitled to resentencing under section 1172.75 because punishment for the prison was not executed.

The trial court considered Sanchez's petition along with the petitions of other incarcerated individuals upon whom prison priors were imposed but punishment was stayed or stricken rather than executed. At the hearing, the trial court denied all the petitions, concluding that a "Penal Code Section 667.5(b) enhancement was not imposed

---

[2] Because Sanchez's identification has not been challenged, we deny as moot his request to augment the record on appeal to add evidence of identification.

if it is stayed or punishment stricken." That same day, the trial court issued an order pertaining to Sanchez, which likewise held that "[t]he section 667.5(b) enhancement was not 'imposed' because no additional term of punishment was added to the base when the publishment was stayed or stricken at the time of sentencing."

Five days later, Sanchez filed a timely notice of appeal.

## II. DISCUSSION

Sanchez contends that the trial court erred in denying him resentencing because section 1172.75 requires only that a now-invalid prison prior was "imposed" and does not implicitly add any requirement that punishment for the prison prior be executed. However, before considering that question, we consider a threshold issue raised by the Attorney General on appeal: whether a prison prior was imposed on Sanchez.

### A. The Prison Prior

The Attorney General contends that the trial court did not merely strike the punishment for Sanchez's prison prior; according to the Attorney General, the trial court struck the prison prior entirely. We read the record differently.

Although the trial court's statements in the sentencing transcript are somewhat ambiguous, they are best understood as striking the punishment for Sanchez's prison prior rather than striking the prison prior in its entirety. There is no mention of striking the prison prior in its entirety or the allegation underlying it. Instead, the trial court focused on punishment, saying that it was striking the "one year enhancement," and that the "one year" was stricken in the interest of justice: "The Court does strike in the interest of justice the additional one year enhancement under 667.5(B). The one year that is stricken is in the interest of justice." If the trial court had intended to strike the prison prior in its entirety, it would not have needed to refer to the "*one year* enhancement," and it likely would have said that the enhancement, not the "one year," was being stricken in the interest of justice. It is possible, of course, that in mentioning the "one year," the trial court was merely stressing its motive for striking the prison prior in its entirety. But if

3

the trial court was motivated by concerns about excess punishment, it is more likely to have struck the punishment rather than the prison prior in its entirety. We therefore conclude that the trial court imposed a prison prior on Sanchez but struck the punishment for it.

This conclusion is supported by the background rules under which the trial court was operating in 1999 when Sanchez was sentenced. Then, as now, trial courts had discretion to strike sentencing enhancements in their entirety or to strike only the punishment for them. (§ 1385, subds. (a), (b)(1); see also *People v. Bradley* (1998) 64 Cal.App.4th 386, 391, fn. 2 [noting that in 1998 section 1385 conferred similar discretion].) In addition, in 1999, the California Rules of Court instructed judges that, if they had discretion, they should strike the additional term for an enhancement rather than striking the allegation of the enhancement (and, thus, striking the enhancement entirely): "If the judge has statutory discretion to strike the additional term for an enhancement, . . . [¶] [t]he judge should not strike the allegation of the enhancement." (Cal. Rules of Court, former rule 428.) Because " '[r]ules of court have the force of law' " (*In re I.V.* (2017) 11 Cal.App.5th 249, 256), and trial courts are " ' "presumed to have been aware of and followed the applicable law," ' " (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398), we must presume that the trial court did what our reading of the transcript suggests: It struck the punishment for Sanchez's prison prior.

Our reading is also supported by the understanding of all participants in Sanchez's cases except for the Attorney General in this appeal. When Sanchez's sentence was announced, the clerk understood that the trial court had imposed a prison prior. The clerk's minute order indicates that an enhancement under section 667.5, subdivision (b) was imposed but lists the term as "S," and the abstract of judgment similarly lists the enhancement with term as "S." (While the printed form containing the abstract indicates that "S" stands for stayed, as the abstract states "DO NOT LIST enhancement stricken under PC 1385," it is likely that the clerk either mistakenly entered "S" or used it to

4

indicate the punishment was stricken.)  In addition, on Sanchez's direct appeal, this Court understood that the trial court had *not* struck the prison priors:  It noted that the trial court "found all prior allegations to be true" and "denied defendant's motion to strike the priors."  And in the proceedings currently on appeal, the parties and the trial court all understood that a prison prior had been imposed on Sanchez.  Sanchez represented that the prior "has not been stricken in its entirety," the district attorney agreed that the abstract of judgment "reveals that the sentencing court struck the punishment/stayed the prison prior allegation," and in its order denying Sanchez resentencing, the trial court observed that "the punishment was stayed or stricken at the time of sentencing."

As a consequence, we conclude that the trial court imposed a prison prior on Sanchez but struck the punishment for it and therefore turn to the question whether Sanchez was entitled to resentencing in light of the imposition of the prison prior.

## B.  Resentencing

The Attorney General defends the denial of Sanchez's petition for resentencing by arguing that section 1172.75 renders previously imposed prison priors invalid and authorizes resentencing only where the prison prior was both imposed and executed.  Reviewing this question of statutory interpretation de novo (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1282 (*Renteria*)), we conclude that section 1172.75 should be interpreted according to the ordinary meaning of the word "impose" and therefore applies whenever a prison prior is included in a judgment, whether punishment for the prior is executed, stayed, or struck.

### 1.  *Statutory Background*

Prison priors are governed by section 667.5.  When first enacted in 1976, this section required trial courts to impose a one year enhancement for any felony for which a prison sentence had been served, unless the defendant remained free of custody for at least five years after completing that sentence.  (Stats.1976, ch. 1139, § 268 [former § 667.5, subd. (b)]; see also Stats. 2011, ch. 15, § 442 [extending section 667.5, subd. (b)

5

to include sentences of imprisonment in a county jail for more than one year].) In 2019, the Legislature fundamentally changed section 667.5. Effective January 1, 2020, it amended the section to eliminate prison priors for all crimes except sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

In Senate Bill No. 483 (2021-2022 Sess.) (Sen. Bill 483), the Legislature made this change retroactive. (Stats. 2021, ch. 728, § 3.) In what is now section 1172.75 (Stats. 2022, ch. 58, § 12), the Legislature rendered any prison prior that was imposed before 2020, and was not for a sexually violent offense, invalid: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . [,] is legally invalid." (§ 1172.75, subd. (a).)

In addition, section 1172.75 requires full resentencing where now-invalid enhancements were imposed. Indeed, section 1172.75 requires the Secretary of the Department of Corrections and Rehabilitation to identify any individual in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (b).) Upon receiving this information, the court that sentenced the individual is required to verify that "the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the sentencing court verifies that the individual's judgment includes a now-invalid prison prior, the court is required to recall the sentence and resentence the individual (*ibid.*), giving priority to those individuals who are "currently serving a sentence based on the [prison prior] enhancement." (§ 1172.75, subd. (c)(1).) Such resentencing must apply any changes in the law reducing sentences or providing judicial discretion. (§ 1172.75, subd. (d)(2).) And the resentencing must result in a "lesser sentence" unless a lesser sentence would endanger public safety. (§ 1172.75, subd. (d)(1).)

6

## 2. The Word "Impose"

Although section 1172.75, subdivision (a) states that "[a]ny sentence enhancement that was imposed" for a prison prior for crimes other than sexually violent offenses is invalid, the Attorney General contends that section 1172.75 does not apply to all prison priors imposed for such crimes. Instead, the Attorney General contends that section 1172.75 applies only to prison priors that were both imposed and executed. Most decisions considering this issue have rejected the execution requirement that the Attorney General urges us to adopt and instead interpreted the word "impose" according to its ordinary meaning. We see no persuasive reason to take a different approach.

A recent decision from this district, albeit with a dissent, concluded that section 1172.75 requires resentencing where, as here, prison priors were imposed but punishment for them was stricken. (*People v. Espino* (Aug. 12, 2024, H051258) ___ Cal.App.5th ___ [2024 Cal.App. LEXIS 501].) We follow the reasoning of that decision, which, for the sake of convenience, is recounted below.

A number of published decisions have considered whether section 1172.75 requires resentencing where a prison prior was imposed but stayed. Most have concluded that it does. The first decision to consider the issue was from this district. Rejecting the Attorney General's implied execution requirement, the decision held that resentencing is required where a prison prior was imposed but punishment was stayed. (See *Renteria*, *supra*, 96 Cal.App.5th at pp. 1282-1283.) Subsequent decisions from the Third, Fourth and Fifth Districts agreed. (*People v. Mayberry* (June 4, 2024, F085869) 102 Cal.App.5th 665, 673-676 (*Mayberry*) [Fifth District]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted Mar. 12, 2024, S283547 (*Saldana*) [Third District]; *People v. Christianson* (2023) 97 Cal.App.5th 300, 314, review granted Feb. 21, 2024, S283189 (*Christianson*) [Fourth District].) One published decision, from Division Two of the Fourth District, disagreed. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 40-41, 45, 48-49, review granted Feb. 21, 2024, S283169 (*Rhodius*).)

7

The Supreme Court has granted review of this decision and two of the decisions taking the opposite view. (*Rhodius*, *supra*, S283169; *Christianson, supra*, S283189; *Saldana*, *supra*, S283547.)

We see no good reason to reject the weight of authority interpreting section 1172.75 and imply an execution requirement into the word "impose." In interpreting statutes, our fundamental task is " ' " 'to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.' " ' " (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123.) In doing this, "[w]e begin with the text, 'giv[ing] the words their usual and ordinary meaning [citation], while construing them in light of the statute as a whole and the statute's purpose' [citation]." (*Ibid.*; see also *People v. Vidana* (2016) 1 Cal.5th 632, 638 [" 'Ordinarily, the words of the statute are the most reliable indication of legislative intent.' "].) In the context of an obligation or penalty, the ordinary and usual meaning of the word "impose" is "to make, frame, or apply (as a charge, tax, obligation, rule, penalty) as compulsory, obligatory or enforc[ea]ble." (Webster's 3d New Internat. Dict. (1993) p. 1136, col. 1; see also American Heritage Dict. (5th ed. 2011) p. 883, col. 2 [defining "impose" to mean "establish or apply as compulsory" or "bring about by authority or force"].) As a consequence, under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed" is naturally understood to mean any enhancement that the sentencing court included in a judgment, whether punishment for it was executed, stayed, or struck.

As the Attorney General points out, the word "impose" is often " 'employed as shorthand' " to refer to enhancements that are both imposed and executed. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 (*Gonzalez*).) Thus, where the context shows that "impose" refers to a term of imprisonment—as in the firearm enhancement statute, which states that "[o]nly one additional term of imprisonment under this section shall be imposed" on a person for each crime (§ 12022.53, subd. (f))—it is interpreted to be a shorthand for enhancements that are both imposed and executed. (*Gonzalez*, *supra*, at

8

pp. 1126-1127.) Section 1172.75, however, does not refer to imposition of a term of imprisonment. To the contrary, it refers to "[a]ny sentence enhancement that was imposed" (§ 1172.75, subd. (a), italics added), which suggests that the Legislature intended to use the word "imposed" in a broad sense. Moreover, the Penal Code expressly authorizes courts to "strike the additional punishment for [an] enhancement" where doing so would be in furtherance of justice. (§ 1385, subd. (b)(1).) Thus, according to the Penal Code, a sentencing enhancement remains an enhancement even if the punishment for it was not executed, and nothing about the language accompanying the word "impose" in section 1172.75 suggests that it was being used as a shorthand to refer to prison priors that were imposed and executed.

The Attorney General notes that section 1172.75 generally requires resentencing to "result in a lesser sentence than the one originally imposed" (§ 1172.75, subd. (d)(1)) and argues that a sentence for an enhancement cannot be reduced if punishment for it was stricken. Multiple decisions have considered and rejected this argument. (*Mayberry*, *supra*, 102 Cal.App.5th at pp. 673-676; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev.gr.; *Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev.gr.) As these decisions recognize, even when punishment for an enhancement is stayed, the enhancement carries "the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) When a prison prior or other enhancement is imposed but stayed, the trial court retains the ability under certain circumstances to lift the stay on prison priors and execute the stayed term. (*Ibid.*; see also *Mayberry*, *supra*, 102 Cal.App.5th at p. 674 ["Imposed-but-stayed prison prior term enhancements carry the possibility of execution."]; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 ["The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason."].) Thus, contrary to the Attorney General's assertion,

9

even when a prison prior is stayed and not executed, elimination of the prison prior reduces the potential sentence facing the defendant and therefore results in a lesser sentence than the one originally imposed. (*Mayberry*, *supra*,102 Cal.App.5th at pp. 674-675; *Christianson*, *supra*, 97 Cal.App.5th at p. 312; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278.) Consequently, section 1172.75's resentencing provisions do not show that the section uses the word "impose" as a shorthand for impose and execute.

In addition, we find it unlikely that the Legislature silently intended to render only those prison priors that were imposed and executed legally invalid. The language of section 1172.75, subdivision (a) is unequivocal: As noted above, it states that "[*a*]*ny* sentence enhancement that was imposed prior to January 1, 2020" for a crime other than a sexually violent offense "is legally invalid." (§ 1172.75, subd. (a), italics added.) In addition, elsewhere in section 1172.75, the Legislature carefully differentiated inmates based on how prison priors affected their sentence. Section 1172.75 requires the Department of Corrections to identify, and courts to resentence, all individuals in the Department's custody currently serving a "judgment that includes an enhancement described in subdivision (a)." (§ 1172.75, subd. (b), (c).) However, the section requires both the Department and the courts to identify and resentence individuals "who have served their base term . . . and are currently serving a sentence based on the enhancement" (§ 1772.75, subd. (b)(1), (c)(1)), before identifying and resentencing "all other individuals" (§ 1172.75, subd. (b)(2), (c)(2)). If the Legislature had intended to exclude individuals with judgments including prison priors that were imposed but not executed, it likely would have done so expressly and unequivocally, not silently and ambiguously. (*Christianson*, *supra*, 97 Cal.App.5th at p. 313, rev.gr.)

We conclude that section 1172.75 should be interpreted according to the ordinary meaning of the word "impose" to cover all prison priors for crimes other than sexually violent offenses included by the sentencing court in an individual's judgment, without regard to whether punishment for those priors was executed.

### III. DISPOSITION

The order denying Sanchez's request for resentencing is reversed. The matter is remanded to the trial court, which is directed to recall Sanchez's sentence and resentence him consistent with Penal Code section 1172.75 and current law.

_____
BROMBERG, J.

I CONCUR:

_____
GROVER, ACTING P.J.

*People v. Sanchez*
H051274

Lie, J., Dissenting:

For the reasons I stated in People v. Espino (Aug. 12, 2024, H051258) ___ Cal.App.5th ___ [2024 Cal.App. LEXIS 501] (dis. opn. of Lie, J.), I respectfully dissent.

_____

LIE, J.

*People v. Sanchez*
H051274